### SALEM LYCEUM *vs.* CITY OF SALEM.

Essex.    November 21, 1890. — May 20, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Tax — Exemption — Literary Purpose.*

If a corporation, organized "for the purpose of diffusing knowledge and promoting intellectual improvement" in a certain city, occupies a hall in a building owned by it for a few evenings only each winter for a course of lectures on literary and scientific subjects, and during the rest of the year lets the hall for various purposes, the estate is not exempt from taxation under the Pub. Sts. c. 11, § 5, cl. 3, although the income derived from letting the hall is devoted exclusively to making provision for such courses of lectures.

CONTRACT, to recover taxes paid under protest, in the years 1884 to 1887 inclusive. Trial in the Superior Court, without a jury, before *Pitman,* J., who found for the defendant, and reported the case for the determination of this court. The facts appear in the opinion.

*S. C. Bancroft & N. J. Holden,* for the plaintiff.

*F. L. Evans,* for the defendant.

W. ALLEN, J. The Pub. Sts. c. 11, § 5, cl. 3, exempt from taxation "the personal property of literary, benevolent, charitable, and scientific institutions incorporated within this Commonwealth, and the real estate belonging to such institutions, occupied by them or their officers for the purposes for which

they were incorporated." The plaintiff was incorporated in the year 1852, by a special act, "for the purpose of diffusing knowledge and promoting intellectual improvement in the city of Salem." St. 1852, c. 120.

The plaintiff owns a lot of land in Salem, upon which is a building containing a large hall and two small anterooms, and the necessary passageways, but no other rooms. This action is to recover taxes assessed upon said real estate, and paid under protest, and the only question presented on the report is whether the estate was exempt from taxation under the statute cited above.

It is very clear that the finding of the court, that the substantial use and occupation of the real estate were not for the purposes for which the corporation was organized, was sustained by the evidence. There was evidence to show that the plaintiff had occupied the hall for six or eight evenings in the winter of each year, except the winter of 1886, for a course of lectures upon literary and scientific subjects, and at all other times the hall had been held for the purpose of being let, and had been let to any persons who applied and paid for the same. The occupation of the hall for the various purposes for which rental was paid to the plaintiffs, as for lectures, concerts, shows, entertainments, conventions, and other purposes for which a hall is commonly used, was very much in excess of its occupancy by the plaintiff itself, and the income derived from the letting of the hall largely exceeded the income from the lectures, for which alone the hall was occupied by the plaintiff. The letting was not an occupation by the plaintiff or its officers for the purposes for which it was incorporated. *Chapel of the Good Shepherd* v. *Boston*, 120 Mass. 212.

The other question is, whether the occupation of the building by the plaintiff for a course of six or eight lectures annually would exempt the estate from taxation, although it was held all the rest of the time to rent for income, the principal use being for income from lettings. It is contended that the income went to the plaintiff corporation, and was not divided amongst its members, and that the whole income was used to maintain the hall and estate, so that it could be used for the annual course of lectures for which it was occupied by the plaintiff. But it

is immaterial in what manner the income was used. The exemption from taxation does not extend to estate owned by the plaintiff, and allowed by it to be occupied by others, with the purpose of deriving income to expend in diffusing knowledge and promoting intellectual improvement in Salem. Those are the purposes for which the estate must be occupied by the plaintiff itself to exempt it from taxation. If the principal occupation is by the plaintiff for those purposes, occasional and incidental use for other purposes might not render it liable to taxation; but when the substantial use and occupation is for the purpose of deriving income from it, it makes no difference if that income is used to provide a course of lectures once a year in the hall. *Pierce* v. *Cambridge*, 2 Cush. 611. *Wesleyan Academy* v. *Wilbraham*, 99 Mass. 599. *Mount Hermon Boys' School* v. *Gill*, 145 Mass. 139. *St. James Educational Institute* v. *Salem*, 153 Mass. 185.    *Judgment on the finding.*