TRUSTEES OF AMHERST COLLEGE *vs.* ASSESSORS OF AMHERST.

Hampshire.   September 20, 1898. — May 16, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Tax upon House of President of a College — Law and Fact.*

At the trial of a petition for the abatement of a tax upon the house of the president of a college, upon the ground that it was exempt by Pub. Sts. c. 11, § 5, cl. 3, it appeared that before he occupied the house it had been let for a school, that he lived in it with his family, paid rent to the college and water rates, established a tennis court at his own expense, and some years at least paid for the care of the grounds, and that he paid the inside expenses.   He might be found to have exercised the same control over it that he did over another house which he previously had hired.   *Held,* that it could not be said, as matter of law, that the house was exempt.

APPEAL to the Superior Court, from the decision of the respondents, on a petition for an abatement of a tax.   Trial, without a jury, before *Hardy*, J., who found for the petitioners; and the respondents alleged exceptions.   The facts appear in the opinion.

*W. Hamlin,* ( *W. J. Reilley* with him,) for the respondents.

*M. F. Dickinson, Jr.,* ( *J. C. Hammond & H. P. Field* with him,) for the petitioners.

HOLMES, J.   This is a petition for the abatement of a tax upon the house of the president of Amherst College, upon the ground that the house was exempt by Pub. Sts. c. 11, § 5, cl. 3.   The judge presiding in the Superior Court ruled, as matter of law, that the house was exempt, and reported the question.   The case came before him upon the testimony of the president, supplemented by some agreed facts.   It appeared that before the occupation by the president the house had been let for a girls' school.   The president lived in it with his family, paid rent to the college and water rates, established a tennis court at his own expense, and some years at least paid for the care of the grounds.   He paid the inside expenses of the house. He might be found to have exercised the same control over it that he did over another house which he previously had hired.

In view of these facts, we think it impossible to say, as matter of law, that the case is not within *Williams College* v. *Williamstown,* 167 Mass. 505. The most that could be contended is that there was evidence warranting a finding of fact that the dominant purposes of the president's occupation were not private, but those for which the college was incorporated. It is unnecessary to state what evidence there was tending in that direction. It is enough to say that the ruling to that effect, as matter of law, was wrong.                        *New trial ordered.*