JOSIAH BABCOCK *vs.* LEOPOLD MORSE HOME FOR INFIRM HEBREWS AND ORPHANAGE.

Norfolk.    November 15, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Charity. Tax*, Upon real estate of charitable corporation, Exemption.

A charitable corporation is not entitled to an exemption from taxation of its real estate under St. 1909, c. 490, Part I, § 5, cl. 3, unless such real estate both is owned by it and is occupied for the charitable purposes for which it was incorporated.

Such occupation means something more than the occupation which results from simple ownership and possession, and its nature must be such as to contribute immediately to the promotion of the charity for which the corporation was cre-

ated by physical participation in the forwarding of the corporation's beneficent objects.

If real estate owned by a charitable corporation, incorporated for the purpose of establishing a home for the aged and infirm Hebrews of the city of Boston and an orphanage for Hebrew children, ceases to be used for the purposes of a home or orphanage and is occupied solely by a caretaker, the mere facts, that occasionally the officers of the corporation meet at the home and that some furniture formerly used for the purposes of the home is left there, do not constitute actual occupancy of the real estate sufficient to exempt it from taxation under St. 1909, c. 490, Part I, § 5, cl. 3.

CONTRACT by the collector of taxes of the town of Milton for the amount of the taxes assessed for the years 1912, 1913 and 1914 on the real estate of the defendant, a charitable corporation incorporated for the purpose of establishing a home for aged and infirm Hebrews of the city of Boston and an orphanage for Hebrew children. Writ dated May 1, 1915.

In the Superior Court the case was heard by *O'Connell, J.,* without a jury. The material evidence is described in the opinion. At the close of the evidence the defendant made requests for rulings, which, with the disposition made of them by the judge, were as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover." Refused by the judge.

"2. The property of the defendant is exempt from taxation under" St. 1909, c. 490, Part I, § 5, cl. 3. Refused.

"3. The real estate of the defendant was owned and occupied by it for the purposes for which it was incorporated, to wit, for charitable purposes." Refused.

"4. What use of the defendant's real estate will best promote the purposes for which it was incorporated must be determined by its own officers." Granted.

"5. If in the honest exercise of their discretion the defendant's officers used the real estate in question in the conduct of the home, that conclusively establishes that said real estate was occupied by the defendant for the purposes for which it was incorporated within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3." Refused, the judge giving as a reason, "because I do not find that the defendant's officers were using the real estate in the conduct of the home or for the purposes for which the defendant was incorporated."

"6. If the defendant's real estate was owned and occupied by it, not for the purpose of obtaining money, but in the legitimate management of its affairs, it is sufficient to justify an exemption from taxation." Refused, the judge giving as a reason, "because I do not find that the real estate was owned and occupied by it in the legitimate management of its affairs or for the purposes for which it was incorporated."

"7. If the sole and exclusive use, no matter how slight, for which the real estate of the defendant was occupied, was to promote the purposes for which the defendant corporation was formed, it is sufficient to exempt the property from taxation." Granted.

"8. Any exclusive occupancy of the defendant's real estate by it intended to promote the purposes for which the defendant was incorporated is sufficient to exempt the property from taxation, although the whole of the premises may not have been completely used in such occupancy." Granted.

"9. The particular use which the defendant made of its real estate is immaterial if in fact it was making any uses of the real estate in good faith for the purposes for which it was granted." Granted.

"10. If the officers of the defendant corporation in good faith are occupying this real estate in a way by which they intend to promote the purposes for which the defendant was incorporated, it is sufficient to exempt the estate from taxation." Refused, "because I find that the real estate was not occupied for the promotion of the purposes for which the defendant was incorporated."

"11. If the defendant is using the real estate in question for the purpose of the storage of its personal property, it is sufficient use of the property to exempt it from taxation." Refused.

"12. The real estate in question was occupied by the defendant for the purpose for which it was incorporated within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3." Refused.

The judge found for the plaintiff in the sum of $2,573.88; and the defendant alleged exceptions.

*Lee M. Friedman,* for the defendant.

*G. C. Coit,* for the plaintiff.

RUGG, C. J. The plaintiff is the tax collector of the town of Milton. He brings this action to recover taxes assessed upon the defendant's real estate in that town for 1912, 1913 and 1914. The

defendant is a charitable corporation entitled to an exemption from taxation under St. 1909, c. 490, Part I, § 5, cl. 3, for its "real estate owned and occupied" by it or its officers for the purposes for which it was incorporated. But it is not entitled to exemption on any other ground.

The defendant owned real estate which for several years previous to 1912 was adapted for and used as a home for aged and infirm and for children. The aged and infirm were gradually removed and for some time it was used for children only. Modern philanthropic methods tend toward providing homes for children in families rather than gathering them in a general home. The defendant was authorized by St. 1912, c. 113, to transfer the income of all its property to another charitable corporation working in the same field. That act was accepted, a decree of the court was entered according to its terms, and the defendant has paid its income to the other corporation. The children were all removed from the defendant's home in March, 1912. The defendant voted to allow the Canterbury Street Home to have such of its furniture and household equipment as it wanted. Some has been taken and the rest left at the defendant's home in Milton. Since the children have been removed, a caretaker has resided in the house. The board of trustees of the defendant in April, 1912, granted the request of the Hebrew Women's Sewing Association to use the premises for "Country Week" for poor children. There was testimony to the effect that once at least in each of the years 1912, 1913 and 1914 meetings of the trustees or officers of the defendant had been held in the house, but the record books only showed records of meetings held in Boston. There was testimony from several witnesses that since March, 1912, the premises had been occupied only by the caretaker. The judge found that the real estate was not being used for the purposes for which the defendant was incorporated and found for the plaintiff.

The defendant is not entitled to an exemption from taxation unless the real estate is occupied for the charitable purposes for which it was organized. *Charlesbank Homes* v. *Boston*, 218 Mass. 14. Such occupancy means something more than that which results from simple ownership and possession. It signifies an active appropriation to the immediate uses of the charitable cause for which the owner was organized. The extent of the use, although

entitled to consideration, is not decisive.  But the nature of the occupation must be such as to contribute immediately to the promotion of the charity and physically to participate in the forwarding of its beneficent objects.  *Phillips Academy* v. *Andover,* 175 Mass. 118.  *Redemptorist Fathers* v. *Boston,* 129 Mass. 178.  *Amherst College* v. *Assessors of Amherst,* 173 Mass. 232.

The burden is upon one seeking an exemption from taxation to make out his right to it.  The finding of the judge was against the defendant.  It cannot be said in the light of the principles which have been established that the facts in the case at bar show that the property of the defendant was exempt from taxation.  The meetings of officers or trustees occasionally at the house, and the leaving of some of the furniture there, do not constitute actual occupancy of the building for the purpose of a home.  The rulings given were sufficiently favorable to the defendant and no reversible error has been committed.

*Exceptions overruled.*