NEWTON CENTRE WOMAN'S CLUB, INC. *vs.* CITY OF NEWTON.

Middlesex.   December 1, 1926. — January 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tax,* Exemption: literary, benevolent or charitable organization.

Upon facts found by a commissioner in proceedings under G. L. c. 59, § 65, for the abatement of a tax assessed upon a women's club incorporated for the purpose of "promoting ethical, social and intellectual culture in the community, and establishing and maintaining a place of meeting," and with objects stated in its by-laws to be "1. For mutual improvement in literary, artistic and educational interests.   2. For rendering aid in worthy or charitable causes.   3. For the promotion of social intercourse.   4. For establishing and maintaining a place of meeting," it was *held,* that conclusions by a trial judge, that the dominant purpose of the corporation and the use to which the building had been put were literary, benevolent and charitable within the meaning of the statute, were warranted although some of the benefits of the corporation were offered only to its members, some of its objects were of a social nature, and the number, locality, and methods of election of members was restricted by the by-laws, and the members were required to pay a moderate fee; and a decree ordering an abatement of the tax on both real estate and personal property was proper under G. L. c. 59, § 5, cl. 3 (a).

COMPLAINT, filed in the Superior Court on February 16, 1924, under G. L. c. 59, § 65, for the abatement of a tax assessed upon the real and personal property of the petitioner for the year 1923.

A commissioner was appointed. Facts found by the commissioner are stated in the opinion. The case was heard upon the commissioner's report by *Donahue*, J., who ordered the abatement sought. The respondent alleged exceptions.

*J. W. Bartlett*, City Solicitor, for the respondent.

*F. H. Stewart*, (*F. X. Daly* with him,) for the complainant.

CROSBY, J. This is a complaint under G. L. c. 59, § 65, for the abatement of a tax assessed by the respondent upon the complainant for the year beginning April 1, 1923. The case was heard upon the report of a commissioner. The judge made certain findings and ordered that the tax in question be abated on the ground that the complainant is a literary, benevolent and charitable organization within the meaning of those words as used in G. L. c. 59, § 5, cl. 3 (a).

The only question before us is whether upon the facts found and recited in the report, and the rational inferences to be drawn therefrom, the finding of the trial judge was warranted.

The complainant was incorporated under the laws of this Commonwealth on May 23, 1916, for the purpose of "promoting ethical, social and intellectual culture in the community, and establishing and maintaining a place of meeting." The objects of the corporation as stated in Article II of its by-laws are "1. For mutual improvement in literary, artistic and educational interests. 2. For rendering aid in worthy or charitable causes. 3. For the promotion of social intercourse. 4. For establishing and maintaining a place of meeting." Before its incorporation the Newton Centre Woman's Club had been in existence since November, 1888. Its membership has increased to seven hundred. Its real estate consists of a lot of land, and a two-story house thereon used as a club house; the contents of the house is the personal property assessed. Since 1922, when it was erected, the house has been occupied by the club for the purposes for which it was incorporated. A lecture hall is on the second floor.

The record shows that the club for many years has been engaged in and has rendered aid to a large number of chari-

table, philanthropic and educational causes, and continues to carry on such work in many directions, including aid to the following organizations: Newton Hospital, Newton Welfare Bureau, District Nursing, West Newton Music School, Bowen School, Newton Library, Army and Navy Club, War Memorial, Near East Relief, Disabled Soldiers, Veterans Corporation, China Famine Fund, Children's Hospital, War Children's Relief, Child Labor, Sailors Haven, Red Cross, Newton Centre Playground, Frances Willard Settlement, Salvation Army, and many other organizations. It has maintained scholarships each year since 1913, for girl students of Newton Centre, or Ward 6, Newton, in different colleges; it has taught Italian residents of Thompsonville, in the city of Newton, the English language and has helped to improve their methods of living; it has established health clinics, a Girl Scout troop, and has contributed money toward the purchase and equipment of a playground for boys in Newton Centre, and to a large number of other charitable and benevolent objects on many occasions. Article III, paragraph 8, of the by-laws provides that from the annual membership fees of $6 each, $1 is to be expended for charity. The club has expended for charities from 1887 to the spring of 1923, the sum of $16,960.75. The club has also conducted at its house classes in sewing for girls, and provided a free meeting place weekly for Boy Scouts and for Girl Scouts, for the Public School Association, for the West Newton Music School, for free public art exhibitions, and for free public readings for school children. It has furnished public instruction in literature, domestic science, civil government, landscape gardening, modern languages, drawing, dressmaking, millinery, and arts and crafts at a nominal fee.

In connection with the municipal authorities, it has provided motion pictures, so that the people of Newton, particularly the children, could have clean and unobjectionable pictures in the city. A small charge is made for attendance at these entertainments, but they are not conducted at a profit, the amount received not being enough to cover a reasonable rental of the room, the cost of light and heat, and

other necessary disbursements. The members of the club pay for admittance the same as nonmembers. The petitioner has no capital stock and no part of its work is carried on for profit, and none of its officers, so far as appears, receives a salary. Occasionally, parts of the building have been let for a fee to persons desiring to hold public meetings or give entertainments, but the net proceeds of all fees received by the club from all sources, including moving pictures and lectures, have been devoted exclusively to defraying the expenses of maintaining the house, insurance, interest on its mortgage and other indebtedness, and at no time have the amounts received been adequate to cover one half of the expenses of maintenance. No part of the income has ever been divided among the members or used for purposes other than those above recited. The membership of the club is limited to residents of Newton Centre and Ward 6 in Newton.

The commissioner, after making the foregoing and many other subsidiary findings, found that "the complainant organization has been one in which its main purpose is for the benefit of the community and that its activities and work are of the nature of literary, educational, benevolent, charitable and religious purposes; its social and fellowship relations are merely incidental to the performance of the main objects." His ultimate finding is as follows: "From the evidence before me I find that the club does differ from other organizations of a similar character such as described in this request. [Respondent's eighth request] . . . I find that this club has not partaken of the elements so frequent in men's clubs and in some women's clubs, of using the club house for the purpose of personal pleasure, self satisfaction and amusement. I find that the benefit which the members may have individually received from such use would fall chiefly under the head of educational or literary improvement."

The trial judge found the facts as set forth in the report, and further found that the dominant purpose of the organization and the use to which the building has been put were literary, benevolent and charitable within the meaning of the statute.

The respondent's requests for rulings raise in various ways the question whether the complainant is a club maintained principally for the benefit of its members or whether it is an organization whose dominant activities and work are essentially of a literary, educational, benevolent and charitable character.

An organization engaged for many years in the variety and kind of charitable work heretofore narrated well might have been found to be a literary, benevolent and charitable institution within the meaning of the statute. The fact that some of the benefits of the organization are offered only to its members, or that some of its objects are of a social nature, is not decisive in view of the findings of the commissioner and those of the trial judge. *Little* v. *Newburyport,* 210 Mass. 414, 417.

The provisions of the by-laws limiting the membership to seven hundred active members who are residents of Newton Centre and of Ward 6 in the city of Newton, and the election of members by vote of the directors, are not conclusive against the maintenance of the complaint. The organization was not required to admit to membership all persons who might apply therefor; to hold otherwise might thwart the purposes of the organization were it compelled to provide accommodations for members beyond its capacity to do so. The limitation of membership to residents was a reasonable provision, if it was deemed that its charitable, educational and benevolent purposes could be best accomplished by persons living within the prescribed areas. The method of election of members by the directors was not unreasonable, provided the directors acted in good faith; and there is no finding to the contrary. The important consideration is that the element of indefiniteness in the recipients of a bounty is essential to the character of a public charity. The requirements that members should pay a moderate fee, is not decisive. It has been found that the dominant purpose of the organization was its activities for the public good, and that the work accomplished was not confined to a part of the city, but was unlimited in its bestowal of the benefits for which it was created.

In *Little* v. *Newburyport, supra,* it was said by Sheldon, J.: "Moreover the judge at the trial could find that the dominant purpose of the association was its work for the public good, and that the work done for its members was the means adopted for this purpose rather than the end finally aimed at."

The record shows that the work carried on by the complainant is essentially different from that of a club or other organization created for the mutual improvement of its members, or for purely social purposes, and that such benefits are merely subsidiary and incidental to its main purposes, which are literary and charitable. It follows that the finding of the trial judge that both the real and personal property of the petitioner were exempt from taxation was warranted. The case is governed by *Wesleyan Academy* v. *Wilbraham,* 99 Mass. 599, *Mount Hermon Boys' School* v. *Gill,* 145 Mass. 139, *Emerson* v. *Milton Academy,* 185 Mass. 414, 415, *Molly Varnum Chapter, D. A. R.* v. *Lowell,* 204 Mass. 487, *New England Sanitarium* v. *Stoneham,* 205 Mass. 335, *Little* v. *Newburyport, supra, Old South Association in Boston* v. *Boston,* 212 Mass. 299, and cases of that character; and is distinguishable in its facts from *Salem Lyceum* v. *Salem,* 154 Mass. 15, *Amherst College* v. *Assessors of Amherst,* 173 Mass. 232, and *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176.

*Exceptions overruled.*