THE UNIVERSITY CLUB v. W. C. LANIER, as Tax Collector of the City of Orlando, and the City of Orlando.

161 So. 78.
Opinion Filed April 27, 1935.

*W. N. Ellis, John G. Baker* and *Maguire & Voorhis,* for Appellant;

*Merton S. Horrell,* for Appellees.

BUFORD, J.—In this case appellant filed a bill of complaint, the purpose of which was to enjoin the collection of city taxes assessed by the City of Orlando, the contention being that the property involved was exempt from taxation under the provisions of Section 16, Article XVI of the State Constitution and under the provisions of Section 697 R. G. S., 897 C. G. L., Section 16 of Article XVI of the Constitutions provides as follows:

"The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should

so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

A decree was rendered subsequent to the taking of the testimony and report thereof by a Master. The decree dismissed the bill of complaint. There were no findings of fact except that the averments of the bill of complaint were not sustained by the testimony in the cause.

The salient facts shown which sustain the decree of the Chancellor are that the University Club is a corporation not for profit, incorporated in December, 1931. The club has about 120 members enrolled. It holds the legal title to the property involved but there is an outstanding mortgage for balance of the purchase price. The club maintains a small library. It maintains a dining room for the accommodation of the members of the club.

The record shows that most of the periodicals are subscribed for by individual members of the club and not by the club. The club proposes to give scholarships to the University of Florida and has given one scholarship. The club house has been open and run not only for members of the club but also for other social organizations, such as the Chess Club of Orlando, the Association of University Women, and other like organizations. One, to become a member of the club, does not have to be a college graduate. Members are elected by a Board of Directors after posting of application for a specified time. The income of the club is devoted to maintaining the property owned by the club so that the members will continue their interest in it and to enable the club to have sufficient income to purchase a scholarship and take care of sending students to college. The club provides meals for its members at a charge and

the dining room is shown by the record to be on a self-sustaining basis. A lounge room is provided for members of the club. The club proposes to rent rooms but it appears that only one room is rented. It appears to have been the plan of the club to use the funds collected from membersip dues, dining room surplus and rents from rooms to assist worthy boys and girls to get an education in the higher institutions of learning; also to have a club house for social meeting place of its members, to have literary meetings and to provide meals and recreation rooms for members of the club.

Altogether, the record supports the conclusions which are evidently reached by the Chancellor that the club is essentially a social club and that the matter of furnishing scholarships to worthy boys and girls is incidental and, therefore, that the property does not come within the exemption authorized by Section 16 of Article XVI of the Constitution, nor of Section 697 R. G. S., 897 C. G. L.

It is a general rule that the exemption is determined by the use and ownership of the property and not altogether by the charter of the institution which owns and use that property. It is only property that is held and used *exclusively* for religious, scientific, municipal, educational, literary or charitable purposes which may be exempt from taxation under the Constitution.

The record shows that this property is used in part as a convenient place for members of the club to get meals, which are furnished at a price, and which they get just as they would such accommodations in any restaurant or dining room; that it is a place where members gather for relaxation and social intercourse; that these are really the outstanding features for which the club house is used. See New Standard Club v. McRaven, City Tax Collector, 111

Miss. 92, 71 Sou. 289. and cases there cited; also Annotations 35 A. L. R. 1045, 54 A. L. R. 1381; Salem Liceum v. City of Salem, 154 Mass. 15, 27 N. E. 672; Methodist Episcopal Church Baracca Club v. City of Madison, 167 Wis. 207, 167 N. W. 258; Wilson v. Licking Aerie No. 387 F. O. E., 104 Ohio St. 137, 135 N. E. 545.

The amended bill of complaint alleges that the property belonging to other organizations which are on a parity with the organization which is owner of the property here sought to be exempt are exempt from taxation by the municipality. We cannot see that that would constitute any reason why the property of this organization should be exempt. If the property of other like organizations is not taxed then interested taxpayers have their remedy by mandamus to coerce tax assessors to levy proper assessments against such property. But no person, firm or corporation is entitled to escape taxation upon the ground that some other person, firm or corporation is escaping taxation. Two wrongs will not make a right.

The bill does not complain of an arbitrary discrimination in values at which property is assessed to its detriment but it seeks to have the property involved entirely exempt from taxation.

For the reasons stated, the decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.