Jones, P. J.
Action of contract brought under Q-. L. (Ter. Ed.) c. 60, $98, to recover taxes, paid by the plaintiff to the defendant, assessed in 1934 on two certain parcels of land with the buildings thereon numbered 423 Broadway and 125 Hampshire Street.
The trial judge found for plaintiff in the sum of $128.28, in relation to the tax assessed against property numbered 423 Broadway which finding is unquestioned. The court further found, — “As to that portion of the tax assessed against the property located at 125 Hampshire Street in said town I find that this property was used for the private benefit and convenience of the President of the plaintiff and therefore as to this item I find for the defendant”.
*448 The report contains all the evidence material to the question reported.
It appears from the rulings made at the request of the defendant that the plaintiff was found to be a charitable organization under the laws of this Commonwealth. See also the case of Massachusetts Society for Prevention of Cruelty to Animals vs. Boston, 142 Mass. 24, wherein it was held that the plaintiff is a benevolent and charitable institution such as is referred to in Clause 3 of G. L. (Ter. Ed.) c. 59, §5, which provides that the
“Personal property of literary, benevolent, charitable and scientific institutions and of temperance societies incorporated in the Commonwealth, the real estate owned and occupied by them or their officers for the purposes for which they are incorporated, . . . shall be exempt from taxation. ’ ’
The trial court also made the following rulings at the request of the defendant.
1. Unless the premises No. 125 Hampshire Street were owned and occupied by the plaintiff corporation or by its president or other officer for some purpose for which said corporation was incorporated said premises were not exempt from taxation.
2. Unless the dominant use of the premises No. 125 Hampshire Street was for some purpose for which the plaintiff corporation was incorporated said premises were not exempt from taxation.
3. If the premises No. 125 Hampshire Street were used primarily for the comfort and convenience of the president of the plaintiff corporation upon his occasional visits to Methuen the same were not exempt from taxation.
The trial court gave plaintiff’s requests for rulings numbered 1, 5, 6 and 7, and denied its requests 2, 3 and 4. Requests numbered 2, 3 and 4 are as follows:
2. The real estate of the plaintiff at 125 Hampshire Street • in the defendant town on April 1,1934, was owned and *449 occupied by the plaintiff for the purposes for which the plaintiff was incorporated.
3. The real estate of the plaintiff at 125 Hampshire Street in the defendant town was not taxable by said town in 1934.
4. If on April 1, 1934, the plaintiff owned and maintained on a farm, operated by it as a part of its charitable work, a house for headquarters and a lodging place of the chief executive of the plaintiff while he might be at said farm for the purpose of overseeing the operations thereof and consulting with the plaintiff’s employees there stationed, and from which, house no revenue is ever derived, then said house was not taxable by the defendant on said date.
The plaintiff claims to be aggrieved because of the giving of defendant’s request and the denial of its. requests stated above.
In Massachusetts General Hospital v. Inhabitants of Somerville, 101 Mass. 319, which is an action to recover a tax assessed by the defendant assessors, commenting upon the statute above cited, it is said at page 321, ‘ ‘ The statute contains no limitation of the amount of real estate that may be thus held exempt from taxation; and we know of no authority under which, or rule by which, the court can affix any such limitation. The only condition upon which the exemption depends is the proviso as to the purposes for which the real estate is occupied. . . . "What lands are reasonably required, and what uses of land will promote the purposes for which the institution was incorporated, must be determined by its own officers. The statute leaves it to be so determined, by omitting to provide any other mode. In the absence of anything to show abuse, or otherwise to impeach their determination, it is sufficient that the lands are intended for and in fact appropriated to those purposes.”
In Emerson v. Trustees of Milton Academy, 185 Mass. 414, 415, it is stated “so long as they act in good faith and *450 not unreasonably in determining how to occupy and use the real estate of the corporation their (officers of the corporation) determination cannot be interfered with by the courts. There may be honest differences of opinion among persons of good judgment, as to whether it is wise to use real estate in a particular way for its direct effect in promoting the purposes for which an educational corporation was established. In such eases the managing officers have the responsibility and duty of deciding. A decision plainly unreasonable which affects the rights of third parties, might be disregarded by the court in a case of this kind, but a decision within the limits of reasonable determination should be given effect.”
The burden of proof is upon the plaintiff to show plainly and unequivocally that he (it) comes within the terms of the exemption . . . and the exemption is to be strictly construed and it must be made to appear clearly before it is allowed. Springfield Y. M. C. A. vs. Board of Assessors, 284 Mass. 1, 5. Babcock v. Leopold Morse Home for Infirm Hebrews & Orphanage, 225 Mass. 418; Bates v. Sharon, 175 Mass. 293, and “real estate which a corporation organized for the education and religious instruction of children owns and permits to be used as purely incidental to the management of a parochial school situated on another’s adjoining property, and entirely controlled and supported by others than itself, is not exempt from taxation under the Pub. Sts. c. 11, §5, cl. 3,” (of which the statute under discussion is a re-enactment). And the occupancy contemplated by the statute must have or be supposed to have direct reference to the purposes for which the institution was incorporated and must tend, or be supposed to tend, directly to promote them. Phillips Academy v. Andover, 175 Mass. 118. Babcock v. Leopold Morse Home for Infirm Hebrews and Orphanage, 225 Mass. 418. And the real estate must be occupied for the purposes of the corporation or its officers *451 for the purposes of carrying into effect the purposes of the corporation. Williams College v. Williamstown, 167 Mass. 505, 509, and undoubtedly the president of the plaintiff corporation hereunder referred to is an officer of the corporation within the meaning of the statute and everything else being sufficient the occupation of the premises by the plaintiff’s officers would be sufficient to justify an exemption. Williams College v. Williamstown, 167 Mass. 505, 509; Amherst College v. Assessors, 193 Mass. 168,178; Wheaton College v. Norton, 232 Mass. 141. The purpose referred to in the statute contemplates the direct and immediate result of the use of the property, and not the consequential benefit to be derived from the improvement of it. Mount Hermon Boys’ School v. Gill, 145 Mass. 139,148. If, therefore, there is any evidence to warrant a finding of exemption under the principles above set forth allowing such exemption, we cannot pronounce the finding wrong if warranted by the evidence, and we are bound to take the evidence in its aspect most favorable to the defendant. Shea v. American Hide and Leather Co., 221 Mass. 282, 283. The general finding of a trial judge in an action at law based upon oral testimony must stand if warranted upon any rational view of the evidence. It is not the function of this court to pass upon the weight or credibility of evidence, even though reported in full. Herman v. Sadolf, Mass. Adv. Shts. 1936, p. 1067. Any facts either expressly found or inferences necessarily implied will not be reversed unless plainly wrong. Durfee v. Durfee, Mass. Adv. Shts. 1936, pp. 575, 578. It is not our function to review the evidence, but only to determine whether the finding of the trial judge can be supported on any reasonable view of the testimony. Moss v. Old Colony Trust Co., 246 Mass. 139, 143; Winchester v. Missin, 278 Mass. 428. Findings of fact based upon oral evidence are not reviewable. Bresnick v. Heath, Mass. Adv. Shts. 1935, *452 pp. 2297, 2299; Engel v. Checker Taxi Co., 275 Mass. 471, 475; Mahoney v. Norcross, 284 Mass. 153. “Such findings rarely ought to be reversed where they rest upon oral testimony of witnesses, because the trial magistrate having seen them and observed their actions, has far better opportunity for testing their, honesty, weighing their credibility and ascertaining the truth than an appellate tribunal can have by merely reading a transcript of evidence. Intelligent scrutiny of witnesses while giving testimony affords evidence as to the dependence fairly to be attributed to their words. Many factors as to the real value of oral testimony are incapable of being transferred to a printed page.” Moss v. Old Colony Trust Co., 246 Mass. 139, 144. Tuells v. Flint, 283 Mass. 106, 109.
In order to picture the relation of the bungalow to other property of the plaintiff, which is situated at 423 Broadway, it appears that 423 Broadway is a “rest farm” maintained las a part of the plaintiff’s charitable work for the care and rest of overworked, aged, injured or diseased horses and other animals, and that this farm is used as headquarters for one Haswell, the local officer in charge of enforcement of the humane laws for the district where this property is situated.
The assessment in question is on what is called; the “president’s bungalow”, and the grounds surrounding it are of the size of an ordinary building lot. The location of this bungalow does not appear from the report.
From the evidence it can be found that the plaintiff’s executive and administrative offices are in Boston; that in Methuen it maintains a “rest farm” to which aged and incapacitated animals are sent; that a superintendent of the farm lives upon it and also is the local officer having charge of enforcement of the humane laws; that the president incidental to his position comes to the farm (after attending *453 to Ms duties in the office in Boston) generally every weekend for purposes of inspection and discussion of incidental matters; that the superintendent has a residence on the farm which he uses as the local office; that at the weekend visits of the president he sometimes holds conferences in the bungalow in the evening with the superintendent and perhaps others as incidental to Ms visits, but that such use of the bungalow was not necessary or reqmred1 for the purposes of the corporation, but more for the eonvemence and comfort of the president. It can further be found as tending to show that the bungalow is for the eonvemence and comfort of the president rather than the purposes of the plaintiff, that the furnishings, heating, lighting and ordinary expenses of maintenance of the bungalow are provided by the president.
It also can be found that the president’s family often come with him over the weekends and that they often stay for longer intervals during the summer.
While it can be said, perhaps, that the bungalow is used incidentally to carrying out in some small ways purposes of the corporation, yet it can well be said that the bungalow is used mainly for the comfort, convenience and use of the president and Ms family, rather than for the purposes of the defendant corporation.
It is also in the evidence that the bungalow is not absolutely necessary to the conduct of the plaintiff’s work, and it can be so found as a fact.
While we think the case is close, yet we feel that we cannot say that the trial judge is clearly wrong in Ms determination of the question involved or that the plaintiff has clearly shown itself entitled to the exemption.
For the reasons above we can see no prejudicial error in the rulings made and refused or complained of.
Report is dismissed.