GRAND LODGE INDEPENDENT ORDER OF ARCHERY OF THE STATE OF FLORIDA v. CITY OF LIVE OAK.

177 So. 738.
Division B.
Opinion Filed December 17, 1937.

*J. M. Hearn,* for Appellant;
*Alfred T. Airth,* for Appellee.

CHAPMAN, J.—The parties will be referred to in this opinion as they appeared in the court below as plaintiff and defendant. On August 27, 1936, plaintiff City filed in the Circuit Court of Suwannee County, Florida, its bill of complaint for the purpose of foreclosing delinquent and unpaid taxes for the years 1930, 1931, 1932, 1933, 1934 and 1935 lawfully assessed by the City against the property of the defendant situated in the City of Live Oak, Florida. It is alleged that the taxes were levied in accordance with the charter provision of said City, and exclusively for municipal purposes. It sought interest on the unpaid amounts and attorney's fees as made possible by a provision of the charter thereof, and the prayer of said bill is for an accounting and that said amounts be declared a lien upon defendant's property, and that same be sold to satisfy judgment to be entered for the plaintiff thereon.

On April 5, 1937, defendant filed its answer to the bill of complaint setting up, among other things, which are material to a decision of this case, issues tendered in said answer in paragraphs 7, 8, 9 and 10, viz.:

"7. By way of affirmative answer to the bill of complaint, this defendant says that the City Tax Collector was never authorized and empowered to collect the taxes placed on the assessment roll, or alleged to have been assessed against the said described property, as alleged in the bill of complaint, for the reason that no warrant as required by law was attached to the assessment roll when completed, or otherwise, by the assessor of the said plaintiff, empowering the said City Tax Collector to collect said taxes, and at the time of the alleged certification of the said delinquent taxes, or delinquent list the said warrant for the collection of the said taxes had not been attached to the said assessment roll and that the delinquent list was, therefore, improperly certified as delinquent, and the alleged tax lien as alleged in the said bill of complaint is a nullity and void.

"8. Further answering the bill of complaint this defendant would show that it is a fraternal, charitable and benefit organization organized and existing under the laws of the State of Florida, not for profit, but solely for mutual aid, relief and help among its members; that it has its own by-laws, and requires certain dues of its members as other fraternal organizations, and maintains for the benefit of its members solely an endowment department; that this Court may be advised specifically as to the general nature and purpose of the corporation, this defendant would show unto the Court that Section 1, of Article 2, of its Charter, reads as follows:

" 'Section 1. The general nature and purpose of the business or corporation is to establish, conduct and carry on a fraternal organization for its members, said fraternal organization or order shall be founded upon the principles of friendship, love and prosperity and these cardinal principles must ever be regarded as the leading principles for the social

uplift of its members and our people. The incorporators are moved to the establishment of this order, because they feel the need of a closer relation between man and man, having for its ultimate aim to uplift the fallen; to soften the asperities of life; to lessen the sufferings of a brother and sister; to care for the widows and orphans; bury the dead; administer to the wants of the sick; elevate our people from a degraded position to a higher plane of intelligence and morality and place them upon a platform of high citizenship, but expressly prohibiting anything of a political nature to be allowed in the order or in its subordinate lodges. The watchword of the corporation shall be: Obedience to Law and Loyalty to Government.'

"9. This defendant says that the said property is actually being used and occupied by the Grand Lodge Independent Order of Archery as aforesaid, and ever since 1930 has *been used solely for the purposes authorized* in the said Charter; that under the laws of the State of Florida, as a charitable and benevolent institution it is exempt from the taxes as levied by the plaintiff in this cause; that the said plaintiff recognizes the exemption for other similar organizations located within its corporate limits and chartered as fraternal benefit organizations or societies, using and occupying buildings and properties owned by such organization, and none of which are assessed, but this defendant, The Independent Order of Archery, has been singled out for the purpose of such assessment and its property assessed at its full value, or in excess thereof, and, therefore, this defendant says that in the assessment of such property it has been unlawfully discriminated against and such discrimination was had and done with the full knowledge of such discrimination and the same was willful and purposely made by the taxing authorities of the said plaintiff herein.

"10. Further answering the bill of complaint, this de-

fendant says that the said plaintiff ought not to be permitted to maintain this suit, or allowed to prosecute the same further, because there has been a former final adjudication in this same court of its alleged rights to tax this defendant's said property and the same was adjudged to be exempt from taxation by the said plaintiff. This defendant says that on the 20th day of September, 1932, this same plaintiff filed its bill of complaint against this same defendant in this same Court seeking to foreclose its same alleged tax lien upon this same defendant's real estate for the same alleged taxes for the years 1930 and 1931, as is now sought to be foreclosed in this present suit as a substantial part of its alleged cause of action herein; its said bill of complaint in the said former suit is in the words and figures following: (Here follows a recital of the proceedings had in the former suit, including final judgment of the Court dated June 18, 1934.) * * * Which said judgment and decree was afterwards duly enrolled by the Clerk of this Court and became and still is the Final Decree adjudicating the issues, upon the merits thereof, in the said former suit, prosecuted as aforesaid, and the said decision and Final Decree of the said Court was in favor of this same defendant and adverse to the plaintiff herein and adjudicated that plaintiff did not have the right to, and could not lawfully, tax this defendant's said property as alleged in the said bill of complaint."

The lower court in its order dated April 19, 1937, sustained a motion to strike paragraphs, *supra,* for various reasons therein assigned, and, broadly speaking, the order rested upon the theory that neither of the paragraphs, *supra,* constituted a "valid defense" to the bill of complaint. From an order striking paragraphs 7, 8, 9 and 10, *supra,* defendant procured a supersedeas and assigned as error

the order striking the paragraphs, *supra,* with other assignments unnecessary to be determined here.

The question for decision here is whether or not the stricken portions of the answer constitute a defense to plaintiff's cause of action. Section 16 of Article XVI, Constitution of Florida, provides:

"The property of all corporations except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

It will be observed that the property of all corporations, except those named therein, "* * * whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." The stricken portion of the answer asserts that the defendant is a corporation and its charitable provisions being broad and altruistic in scope and meaning, sets forth the purpose of the existence thereof and further alleges that it is a charitable and benevolent institution and exempt from taxation under the educational and charitable provisions, *supra.*

Section 897, Comp. Gen. Laws, in carrying forward the mandates of the Constitution, *supra,* exempts, among other things, benevolent and charitable institutions within the State of Florida from taxation wherein it is the sole purpose of that organization. There can be no question as to the provisions of law by our Constitution and statutes exempting from assessment and taxation the property owned and used solely for charitable purposes. This Court in the case of The University Club v. Lanier, 119 Fla. 146, text

p. 149, 161 Sou. Rep. 78, in construing Section 16, Article XVI, of the Constitution, and Section 897 C. G. L., said:

"It is a general rule that the exemption is determined by the use and ownership of the property and not altogether by the charter of the institution which owns and uses that property. It is only property that is held and used *ex-clusively* for religious, scientific, municipal, educational, literary or charitable purposes which may be exempt from taxation under the Constitution.

"The record shows that this property is used in part as a convenient place for members of the club to get meals, which are furnished at a price, and which they get just as they would such accommodations in any restaurant or dining room; that it is a place where members gather for relaxation and social intercourse; that these are really the outstanding features for which the club house is used."

It is difficult to determine the use and ownership of property without evidence. Paragraphs 8 and 9 of the stricken answer are the basis for the receipt of such evidence that shall be offered on this question by the defendant to this suit. The statute and Constitution of Florida under the issues submitted make such evidence material and are the pivotal points involved.

The following citation of authorities are material to show the point tendered by the stricken pleadings: Cooley Taxation, Vol. 2 (4th Ed.), par. 738, pages 1538-1542:

"738. CHARITABLE ASSOCIATIONS * * * IN GENERAL. Generally the Constitution or a statute expressly exempts the property of charitable and benevolent associations, at least to the extent that such property is used for charitable or benevolent purposes, but they are not exempt unless the Constitution or a statute so provides. A charitable corporation or association is not exempt unless it comes within the terms of the governing statute. More than once a court

has acknowledged that its inclinations might favor an exemption but has held that the law demanded that an exemption be denied. The fact that the property claimed to be exempt is owned by a charitable organization and is devoted to charitable uses does not exclude it from the operation of the rule that the scope of an exemption cannot be permitted to extend farther than the terms of the granting statute clearly require. The ground for such exemptions is that the grantee performs a service to the public and to some extent at least relieves the State from expense to which it would otherwise be put.

"In considering express exemptions of charitable institutions, it is necessary to determine (1) what are charitable institutions, (2) where are 'purely public' charities, as that term is used in some constitutions and statutes, and (3) the scope of the exemption.

"Sub-classifications of charitable corporations for purposes of exemption from taxation, where reasonable, are constitutional.

"The exemption ordinarily does not extend to foreign corporations, nor to institutions established to bestow charity outside the State."

See: 26 R. C. L., paragraphs 277, 278, 279 and 280.

The following citation of authorities are in line with the spirit and intention of Section 16, Article XVI of the Florida Constitution and Section 897 C. G. L.: 61 Corpus Juris, par. 499, page 452:

"While it has been broadly stated that it is the general policy of the law not to tax public charities, in the absence of constitutional or statutory provision for exemption, charitable and benevolent institutions are not exempt from taxation. Under constitutional provisions broadly exempting 'institutions of purely public charity,' it is not the

property owned, but the institution itself, that is exempt, and everything embraced by the word 'institution' is exempt, and an institution of purely public charity is exempt not only from tax on its property, but also from excise taxes."

The defendant below, as a matter of law, was entitled to his day in court and an opportunity to show by competent testimony that the property described in the bill of complaint against which a lien is sought for unpaid taxes, was exempt from taxation under the Constitution and statute, *supra,* and the plaintiff likewise had an opportunity to rebut or otherwise show by competent testimony that the property was subject to taxation and was not exempt as contended by defendant. We think that stricken paragraphs 8 and 9 are sufficient as a matter of law to withstand the attacks as made by the motion to strike, and for this reason the order appealed from is reversed for further proceedings not inconsistent with this opinion.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—I think the order striking the stated paragraphs of the answer was without error because the answer does not allege that the property was held and used solely for municipal, educational, literary, scientific, religious or charitable purposes. The allegation that the property is used only for the purposes for which the corporation was organized is not equivalent to what I conceive to be the required averment.