Rockingham, }
March 1, 1938. }

PORTSMOUTH HISTORICAL SOCIETY *v.* PORTSMOUTH.

284

*Charles H. Batchelder* (by brief), for the plaintiff.

*Leo Liberson*, City Solicitor (by brief), for the defendant.

WOODBURY, J.  The plaintiff claims that its real property is exempt from taxation under the provisions of P. L., *c.* 60, *s.* 22, as amended by Laws 1930, *c.* 4.  The pertinent parts of this statute read as follows: "The personal property of institutions devoted to educational purposes, charitable and religious societies, . . . incorporated or organized within this state, and the real estate owned and occupied by them, . . . for the purposes for which they are established, . . . shall be exempt from taxation, provided none of the income or profits of the business of such corporations or institutions is divided among the stockholders, or members, or is used or appropriated for other than educational, charitable, or religious purposes." The statute also provides that "No institution shall be deemed an educational institution which does not have a curriculum regularly approved by the state board of education and in which training is not given for at least six months of each calendar year."

The agreed statement of facts shows that the plaintiff conforms to the statutory requirements for an exemption in so far as its organization, the use of its property and the disposition of its income is concerned, but there is nothing in that statement to indicate that the plaintiff is either an educational institution, as that term is defined in the statute, or that its purposes are in any sense religious. It follows, therefore, that the sole question presented is whether or not its purposes are charitable in the statutory sense.

We believe that they are.  Although the plaintiff corporation cannot qualify as an educational institution, still its services lie in that field.  It offers to the public, or to such members thereof as are interested, information concerning the early history of the locality. Its purpose is not the private one of catering to the pleasure, profit or emolument of its members, but the public one of promoting the general welfare by imparting information of use, interest and value to persons generally.  That this is a service in the field of education cannot be doubted (*Missouri Hist. Society* v. *Academy*, 94 Mo. 459; *Jones* v. *Habersham*, 107 U. S. 174; *Drury* v. *Natick*, 10 Allen 169; *Molly Varnum Chapter, D. A. R.* v. *Lowell*, 204 Mass. 487), and such

services "have evidentiary value to show its proper classification as a charitable organization within the act." *Young Women's Christian Association* v. *Portsmouth, ante,* 40.

The charge of an admission fee, all of the proceeds of which are used to defray operating expenses, does not alter the plaintiff's standing as a charity. *New England Sanitarium* v. *Stoneham,* 205 Mass. 335; *Newton Center Woman's Club* v. *Newton,* 258 Mass. 326. Its standing as a charity in the statutory sense is established because it appears that the plaintiff is an institution "organized and conducted to perform some service of public good or welfare, with no pecuniary profit to its officers or members, and with no restrictions which confine benefits to them." *Young Women's Christian Association* v. *Portsmouth, supra.*

*Abatement ordered.*

All concurred.