NEW ENGLAND TRUST COMPANY, executor, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. December 5, 1950. — February 28, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Taxation*, Exemption, Succession tax, Charitable corporation. *Corporation*, Charitable corporation. *Charity.*

A legacy to an association, incorporated in Massachusetts, of the alumnae of a college for women was exempt from the succession tax under G. L. (Ter. Ed.) c. 65, § 1, where it appeared that the purpose and activities of the association were predominantly to promote the welfare of the college, itself a Massachusetts charitable and educational institution, through stimulating the interest of the alumnae in support of the college and coördinating their work in its behalf.

In the stated purpose of an incorporated association of the alumnae of a women's college, "furthering the well being of the College and its graduates by increasing the interest of members in the College and in each other," the phrase "interest of members . . . in each other" referred to such interest as would promote their coöperation in activities for the benefit of the college, and did not prevent the association being a charitable institution within G. L. (Ter. Ed.) c. 65, § 1.

PETITION, filed in the Probate Court for the county of Suffolk on June 23, 1949.

The case was heard by *Wilson*, J.

*H. W. Radovsky*, Assistant Attorney General, for the respondent.

*L. Withington*, (*J. F. Madden* with him,) for the petitioner.

WILLIAMS, J. This is a petition under G. L. (Ter. Ed.) c. 65, § 30, by the executor of the will of Frances G. Duncan

of Boston who died on October 22, 1947, for the determination of the liability of the Alumnae Association of Smith College, a Massachusetts corporation, to pay to the Commonwealth a legacy tax on a bequest to it under a codicil of the said will. A tax has been assessed by the commissioner of corporations and taxation. He has appealed from a decree of the Probate Court that the legacy is "property passing by will to or for the use of a charitable and educational society or institution which is organized under the laws of the Commonwealth of Massachusetts within the meaning of" G. L. (Ter. Ed.) c. 65, § 1, and that "none of the property held by the said New England Trust Company as executor under the said will and codicil for distribution in accordance therewith to the Alumnae Association of Smith College is subject to a succession tax under the provisions of" G. L. (Ter. Ed.) c. 65, § 1. The evidence is reported and the judge has made findings of material facts. The facts do not appear to be in dispute and the subsidiary findings of the judge, although based largely on oral testimony, are not controverted.

The association was incorporated in 1914 under the provisions of R. L. c. 125, now G. L. (Ter. Ed.) c. 180, succeeding a voluntary organization in existence since 1881. The agreement of association and the certificate of incorporation state its purpose to be "furthering the well being of the College and its graduates by increasing the interest of members in the College and in each other." Its membership of about fifteen thousand consists of graduates of Smith College, called active members, and persons who have attended the college without graduating, called associate members. There are annual dues of $3 and a fee for a life membership. The offices of the association are in a building known as Alumnae House located on the college campus in Northampton. The building was erected at the expense of the association and thereafter conveyed to the college. It is classified in the college records as an educational building and is furnished by the college with heat, light, and janitor service. The alumnae records, which are

kept in the building, are in constant use by the college officials, and its rooms have at times been used for meetings of the faculty. The officers of the association, consisting of president, vice-president, treasurer, clerk, and board of directors, are elected annually by the members. A staff of twelve employees carries on its business, which involves correspondence with college class organizations and alumnae clubs, the publication quarterly of the alumnae association magazine, and the collection of funds for the college. The quarterly magazine is distributed to members of the faculty, to all members of the organization, and to parents of many of the students. The object of the publication is to keep the recipients informed as to college activities and developments. The association also publishes annually the Alumnae Register, which contains the names and addresses of all alumnae, and a list of the officers of the association and of the alumnae clubs. It is the only complete list available to the college for circularizing and fund raising purposes. Handbooks are published containing instructions for the use of class officers and officers of alumnae clubs. On the occasion of the annual college commencement the association, through its education committee, provides two days of lectures of an educational nature for those in attendance at commencement. The alumnae fund committee of the association has raised one and one half million dollars since 1927 which is administered by the association for the benefit of the college. At the time of the hearing a fund termed the Seventy-fifth Anniversary Fund was being collected for the college. Of the $5,200,000 already contributed, the alumnae, mainly through the efforts of the association, have contributed over $3,000,000. The association is a nonprofit organization, its income being derived from the dues of members. Any excess over operating expenses is turned over to the college. A certain amount anticipated as a gift from the association is annually included in the college budget. In 1949 this gift or contribution, which included collections for the anniversary fund, was $380,000.

The judge's conclusions are stated as follows: "The

service of the association to the alumnae is to keep up their good will and turn it to account for Smith College, on the theory of a continued investment in the college. I find that continued alumnae interest is important to the college from an enrollment standpoint in providing students to assure a full college, in public relations, and especially to assure substantial financial support. I find that all functions and business of the Alumnae Association are an integral part of and incident to the continued successful operation of Smith College as an educational institution, and are activities and functions which would necessarily be assumed, so far as possible, by the college at a very substantial increased expense to the college if such assistance was withdrawn or discontinued."

The activities of the association have been consistent with the purposes of the corporation as stated in its certificate of incorporation. They are directed to no other object than the maintenance and development of Smith College. These objects are accomplished by stimulating the interest of the alumnae in the college and by coördinating their work for the college in the manner above indicated. It is not questioned that Smith College is a charitable and educational institution. See *American Academy of Arts & Sciences* v. *Harvard College,* 12 Gray, 582, 594; *Dexter* v. *Harvard College,* 176 Mass. 192, 194; *Amory* v. *Amherst College,* 229 Mass. 374, 382; *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378, 386. A gift to the college would be a gift to a charitable corporation for the promotion of education. The gift to the association is to a corporation essentially charitable in that its dominant purpose is to promote the advancement of learning, science, and the useful arts through the medium of Smith College. The strength of an institution like Smith College depends to a large extent on the intelligent and devoted support of its graduates. Such an institution in fulfilling its proper function requires both teachers and students. To maintain the physical equipment and to provide for adequate instruction financial assistance is required. In order to insure a healthy growth

the constant flow of new students is necessary. In providing funds and in encouraging students to attend the college it is necessary to enlist the efforts of those who previously have been students. This the association seeks to effect. It provides an organization for general alumnae activities directed to the maintenance and growth of the college.

It is contended by the commissioner that to warrant exemption from the legacy tax it must appear that the association has no other purpose than to benefit the public at large and that one of its stated purposes is to increase the interest of the graduates "in each other." We interpret this clause as meaning such interest in each other as will promote their coöperation in work for the benefit of the college. It does not refer to the promotion of personal or social interests for the benefit of the members as individuals. See *Newton Centre Woman's Club, Inc.* v. *Newton*, 258 Mass. 326, 330. Whatever pleasure or benefit the members may individually receive through their alumnae clubs and the association is incidental to the benefit resulting to the college.

It was said in *Boston Chamber of Commerce* v. *Assessors of Boston*, 315 Mass. 712, 717, that the usual characteristics which distinguish most public charities are activities in connection with relief, religion, education, and public works. "It has come to be recognized that new objects must be added in order to comprehend within the class of charities a wide variety of gifts which represent a wholly generous and unselfish devotion of wealth to uses which benefit the public generally or whole classes of the public and from which the donor derives no personal advantage." Consideration of the stated purpose of the association, its activities in carrying out that purpose, and the method by which it effects that purpose leads us to conclude that it is an institution charitable in nature and therefore may receive legacies exempt, under the statute, from taxation. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378, 384. There was no error in the decree of the Probate Court.

*Decree affirmed.*