## MICHAEL MURPHY *vs.* JOHN C. STANLEY.

Essex. November 9. — 28, 1883. W. ALLEN & HOLMES, JJ., absent.

At the trial of an action for personal injuries occasioned to the plaintiff by falling over a pile of sleepers, placed by the defendant upon a wharf by permission of the owner, the defendant testified in his own behalf that he was in the neighborhood at the time of the accident, and at once went there and saw the pile and its condition; and that he then ordered the sleepers to be removed. On cross-examination, he was asked why he caused the sleepers to be removed; and also whether the sleepers were in existence. Both questions were excluded. *Held*, that the plaintiff had no ground of exception.

At the trial of an action for personal injuries occasioned to the plaintiff by falling over a pile of sleepers, placed by the defendant upon a wharf owned by another person, the plaintiff offered to show that the owner of the wharf had requested the defendant's employees to inform the defendant that he must remove the sleepers. *Held*, in the absence of evidence that the defendant had received the notice, that the plaintiff had no ground of exception to the exclusion of the evidence.

At the trial of an action for personal injuries occasioned to the plaintiff by falling over a pile of sleepers, placed by the defendant upon a wharf by permission of

the owner, which the plaintiff contended had been revoked, the judge instructed the jury that the evidence as to license was of no consequence, unless the jury found in it something which bore upon the question of the negligence of the defendant. *Held*, that the plaintiff had no ground of exception.

TORT for personal injuries. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The premises of the defendant adjoined those of the Philadelphia Coal and Iron Company, in Newburyport. In the spring of 1882, the defendant was engaged in raising a building on his premises, and, while so doing, obtained from the superintendent of said company permission to pile some lumber upon its wharf. Afterwards, the defendant, acting, as he contended, under the same permission, piled some sleepers, which had been used in raising the building, upon the wharf, but not upon the exact spot where the lumber had been piled. These sleepers had been so placed for some weeks before the accident to the plaintiff, and the defendant contended that he acted under the license of said superintendent, either express or to be implied from the circumstances.

The plaintiff was a driver in the employ of a teamster, who had a contract to haul the coal of said company, and while driving a horse, with a load of coal, over said wharf, he sustained the injuries complained of. He offered evidence tending to show that the pile of sleepers was placed close to the ordinary track or way used by teams hauling coal from the wharf; and that one of the sleepers was negligently suffered to protrude from the pile, and he stumbled over it and fell, and was injured between the pile of sleepers and the wheel of his cart. This was denied by the defendant, who contended that the pile was carefully and properly made, and caused no obstruction to the ordinary track used by teams; and that the injury was due to the want of care of the plaintiff.

The defendant testified, in his own behalf, that he was in the neighborhood at the time of the accident, and at once went there and saw the pile and its condition; and that he then ordered the sleepers to be removed. On cross-examination, he was asked why he caused the sleepers to be removed. But the judge ruled that the question was immaterial, and excluded it.

The plaintiff also asked the defendant, " Are those sleepers in existence now ? " This question was also excluded.

The plaintiff called as a witness one Creasey, who was a clerk and foreman, under the superintendent, of said company at the wharf; and offered to show by him that, previously to the accident, he had requested the clerk of the defendant to inform the defendant that he must remove the sleepers; and also that he had notified several different workmen in the employ of the defendant to the same effect. It appeared that Creasey was in the habit of seeing the defendant himself daily; and there was no evidence that he had ever spoken to him on the subject; and it did not appear that the defendant ever had any notice of these requests to his clerk or employees. The judge ruled that this evidence would not be competent, without some evidence of its having been communicated to the defendant, and excluded it.

The plaintiff also called as a witness one Tatterfield, a laborer employed by the defendant, among other things, to pile these sleepers; and offered to show by him that Creasey had subsequently, and before the accident, told him to tell the defendant that he must remove the sleepers. The witness testified that he had never mentioned it to the defendant, but had merely piled the sleepers more carefully. The judge excluded the evidence.

The judge instructed the jury, under the plaintiff's exception, among other things, that the evidence as to license was of no consequence in the case, unless the jury found in it something which bore upon the question of the negligence of the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. L. Withington & H. I. Bartlett*, for the plaintiff.

*S. B. Ives, Jr. & G. B. Ives*, for the defendant.

C. ALLEN, J. 1. The defendant's motive in removing the sleepers was immaterial; and, on cross-examination, such evidence may be admitted or excluded, in the discretion of the presiding judge.

2. The second exception falls within the same rule.

3 and 4. Creasey's conversations with the defendant's clerk and workmen had no tendency to show that the defendant was negligent, and were properly excluded.

5. The instruction to the jury was right. The issue was, whether the defendant had been guilty of negligence; and the evidence as to license was material or immaterial, according as it did or did not bear upon that issue. If the plaintiff wished for more specific instructions, he should have asked for them.

*Exceptions overruled.*