RUDOLPH L. TRENT *vs.* MAX GOLDBERG.

Suffolk.     October 17, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Broker*, Commission. *Practice, Civil*, Requests, rulings and instructions.

> In the declaration in an action of contract in a municipal court, the plaintiff alleged that the defendant employed him to procure a customer for his property, that he procured a customer ready, willing and able to buy the property and that the defendant owed him a commission. Evidence at the trial was that the defendant told the plaintiff of the property, stating that there were mortgages on it to run two years, that his price was $10,500 and that he would pay a commission of three and one half per cent; that the plaintiff brought a prospective customer, who wanted to pay a lower price; that the defendant then stated in the presence of the plaintiff and the customer that he would sell the property for $10,300, the defendant to receive $10,000 net and to pay a commission of $300, and that the customer agreed and was ready, willing and able to pay the agreed price, but that the sale was not consummated because of misrepresentations by the defendant respecting the mortgages and the time when they would mature. There was a finding for the plaintiff in the sum of $300. *Held*, that it was proper for the judge to refuse to rule that on all the evidence the plaintiff was not entitled to recover for the reason that he had not, "as a matter of law, proved by competent evidence all the essentials required of a broker."
>
> An exception will not be sustained to a refusal, by a judge hearing a case without a jury, to grant a request for a ruling which assumes facts that the judge states he did not find.

CONTRACT by a real estate broker for a commission. Writ in the Municipal Court of the City of Boston dated May 13, 1927.

The declaration was in two counts. The first count alleged that the plaintiff was employed by the defendant to

procure a purchaser for his property; that acting under said contract of employment he procured a customer ready, willing and able to buy said property and that the defendant owed him the commission therefor. The second count was upon an account annexed for a "commission for sale" of the house, "$10,300 at 3½%, $360.50."

Material evidence at the trial in the Municipal Court is stated in the opinion. Requests by the defendant for rulings, with the action of the judge thereon, were as follows:

"1. On all the evidence the plaintiff is not entitled to recover for the reason that he has not, as a matter of law, proven by competent evidence all the essentials required of a broker." The judge stated: "Not granted."

"2. If the understanding between the plaintiff and the defendant was that the defendant was to receive $10,000 for the property, and the plaintiff to have all sums above that amount, the sale not having been consummated the plaintiff is not entitled to recover." The judge stated: "Not granted. I do not so find."

"3. There is no evidence that the plaintiff procured a customer who was ready, able and willing to buy the property upon the terms offered by the defendant." The judge stated: "Not granted. I do not so find."

"4. In order for the plaintiff to recover the burden of proof is upon him to establish that he procured a customer for the defendant who was ready, able and willing to purchase the property upon the exact terms offered." The judge stated: "Given."

"5. Upon all the evidence the plaintiff is not entitled to recover by merely informing the defendant that he had a customer who was ready to pay the price asked; there must have been an agreement upon all the essential terms of the sale." The judge stated: 'Given."

"6. The employment, if any, of the plaintiff as a broker to procure a customer, did not authorize the plaintiff to draw an agreement with the customer on behalf of the defendant." The judge stated: "Granted but not material."

"7. If, when the parties or their representatives met, there was no agreement upon the terms of the mortgages on

the property and it was then agreed that the defendant should obtain an extension of the first mortgage, at which time the agreement between the prospective purchaser and the defendant should be made, then the plaintiff is not entitled to recover if the purchaser was then unwilling to buy the property." The judge stated: "Not granted. I do not so find."

"8. If the court finds that the defendant employed Jarrett to sell the property, that would not authorize Jarrett to employ the plaintiff as agent of the defendant." The judge stated: "Not granted. I do not so find."

"9. If the plaintiff and Jarrett acted as partners, or jointly as brokers, in this matter, plaintiff cannot recover." The judge stated: "Not granted. I do not so find."

"10. If the court finds that the purchaser by her attorney required that the second mortgage be extended so that it should run until the quarterly payments of $150 paid it off, or for a period of approximately six years, then the plaintiff did not produce a customer on the defendant's terms." The judge stated: "Not granted. I do not so find."

The judge found for the plaintiff in the sum of $300 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*S. B. Stein,* for the defendant.

*J. F. Ryan,* for the plaintiff.

CROSBY, J. This is an action to recover a commission for having procured a purchaser for certain real estate owned by the defendant.

The plaintiff testified that on April 5, 1927, he met the defendant on the premises and the latter told him that the property was a three-family house upon which there was a first mortgage of $5,000 held by a savings bank, and a second mortgage for $3,600, both to run two years; that the price for the property was $10,500, and he would pay a commission of three and one half per cent. The plaintiff further testified that on April 10, 1927, he went to the premises with one Jarrett and a Mrs. Blunt, who had previously agreed to look at the house, and from there they went to the defendant's house; that the plaintiff went over the figures; that Mrs.

Blunt said she would like to purchase the property at a lower price; that the defendant stated he wanted $10,000 net to himself, that he would sell for $10,300, and Mrs. Blunt agreed to pay that amount; that thereafter agreements were prepared by the plaintiff which specified that the sale price was $10,300, that the property was subject to a first mortgage of $5,000 held by a savings bank and maturing in about two years, and a second mortgage for $3,600 payable $150 quarterly and maturing in about two years, and that a deposit of $200 was to be paid; that no reference to a commission appeared in the agreements; that the attorney for the defendant then informed the parties that the first mortgage would be payable the following June and the second mortgage in September, 1928, and the defendant then agreed he would obtain an extension or a new first mortgage for at least two years. There was other evidence that at the interview between the plaintiff, the defendant, Mrs. Blunt, and Jarrett, the defendant stated that he would sell the property for $10,300, that he was to receive $10,000 net and the commission would be $300, and that at the expiration of the three years he would take a second mortgage on the property. It was also in evidence that when the prospective purchaser learned that the first mortgage was not held by a savings bank but by an individual, and was payable in about two months instead of in three years as represented by the defendant, she declined to buy the property.

At the close of the evidence the defendant presented ten requests for rulings. Requests numbered 4, 5, and 6 were given; the others were refused. The judge found for the plaintiff in the sum of $300.

The evidence warranted a finding that a definite agreement was made between the plaintiff and the defendant by which the plaintiff was to receive from the defendant a commission of $300 if a customer was produced who was ready, able and willing to purchase the property for $10,300; that the plaintiff produced such a customer, but the sale was not effected for the reason that such customer refused to buy because of the defendant's misrepresentations respecting the mortgages and the time when they would mature. If the

judge believed the evidence offered by the plaintiff, he was warranted in finding that the reason the sale was not consummated was the misrepresentations of the defendant, and that the plaintiff was entitled to a commission of $300 for procuring a customer who was able, ready and willing to purchase the property upon the terms and conditions upon which the defendant represented to the plaintiff he was authorized to procure a purchaser. As a definite agreement could be found to have been made between the plaintiff and Mrs. Blunt, the plaintiff's right to a commission was not affected by an attempted change in the terms of sale by the defendant, or by the fact that the sale failed of consummation due to the misrepresentations of the defendant respecting the mortgages on the property. *Monk* v. *Parker,* 180 Mass. 246. *Hutchinson* v. *Plant,* 218 Mass. 148. *Walker* v. *Russell,* 240 Mass. 386.

The cases, relied on by the defendant, which hold that a commission is not earned unless there is a completed sale, are different in their facts from the case at bar and are not applicable. See *Munroe* v. *Taylor,* 191 Mass. 483; *Noyes* v. *Caldwell,* 216 Mass. 525. The facts in the present case are plainly distinguishable from those in *Field* v. *Hamm,* 254 Mass. 268.

All but one of the defendant's requests that were refused were based upon assumed facts which the judge stated he did not find. It follows that he was not required to make the rulings requested.

*Order dismissing report affirmed.*