WORKMEN'S CIRCLE EDUCATIONAL CENTER OF SPRINGFIELD, INC. *vs.* ASSESSORS OF SPRINGFIELD.

Hampden.    September 23, 1943. — October 28, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Taxation,* Real estate tax: exemption; Appellate Tax Board: requests and rulings.  *Charity.  Corporation,* Charitable.  *Evidence,* Presumptions and burden of proof.

A finding, without a report of evidence, by the Appellate Tax Board in a case involving the use made of its real estate by a corporation which purported to be incorporated for benevolent, literary and educational purposes, that the corporation's activities were "mainly political in character" and a conclusion, stated to be upon all the evidence, that the corporation had failed to sustain the burden of proving that its real estate was exempt from taxation under G. L. (Ter. Ed.) c. 59, § 5, Third, disclosed no error.

A taxpayer having the burden of proving before the Appellate Tax Board that his real estate was exempt from local taxation was not entitled to a ruling that he had sustained the burden upon oral evidence where none of the evidence was binding upon the assessors.

APPEAL from a decision by the Appellate Tax Board.

*N. M. Harvey,* for the taxpayer.

*C. D. Sloan,* Assistant City Solicitor, for the assessors.

RONAN, J.   This is an appeal from a decision of the Appellate Tax Board denying a petition to abate a tax upon certain real estate, which the appellant contended was exempt from the tax by virtue of G. L. (Ter. Ed.) c. 59, § 5, Third.

We summarize the facts found by the board.  The appellant was incorporated in 1933 for benevolent, literary and educational purposes.  No one was eligible to membership unless he was a member in good standing in either the Socialist Party or the local branch of the Workmen's Circle, a national association having about nine hundred branches in the United States and Canada, which was primarily a political and labor organization whose members were required to vote a "workers' ticket" at public elections.  Al-

though the requirement of membership in the Socialist Party was eliminated in 1937, and the original corporate purposes of the appellant were somewhat changed, its membership remained substantially the same. The appellant is administered by a board of directors, each of whom must be a member in good standing for five years in the Socialist Party or in the Workmen's Circle. The appellant owns a dwelling house which has been remodelled so as to contain three classrooms and a hall capable of seating one hundred twenty-five persons. Its classes are composed of about fifty-six children, who attend after their sessions in the public schools. They are taught Jewish history and literature and the "history of labor and progressive movements in the world." Classes for children under eight years of age are held Sunday mornings. No charge is made for tuition. During the seven years preceding January 1, 1942, seventy-eight forums have been held and twenty-eight lectures delivered on various subjects, including Jewish literature, economic and political problems, unionism, socialism, bolshevism, fascism and labor problems. These forums and lectures are free to the public. There was no evidence showing the particular object the appellant sought to achieve by the forums and lectures. The board was unable to find whether their purpose was to create public sentiment and secure converts to the same political philosophy to which the members of the appellant had subscribed or whether they were conducted merely to inform the public of existing world labor problems and progressive movements. The activities of the appellant were mainly political in character. The appellant was sustained by membership dues, a subsidy from the national organization of the Workmen's Circle and contributions from the local branches of the circle, and by donations from parents of the school children and friends. The board found upon all the evidence that the appellant had failed to sustain the burden of proving that its real estate was exempt from taxation.

The real estate owned and occupied by a literary, benevolent, charitable or scientific institution for the purpose for which it was incorporated is exempt from taxation if none

of its income or profits is distributed among its stockholders or members and none is used for other than literary, educational, benevolent, charitable, scientific or religious purposes. G. L. (Ter. Ed.) c. 59, § 5, Third. The corporate purposes, the constitutions and by-laws, the methods of administration, the nature of the actual work performed, the character of the services rendered, the indebtedness of the beneficiaries, and the use and occupation of their property have been frequently considered in our decisions in determining and defining the institutions that come within this statutory exemption. The law is too well settled to require a detailed recital of the principles which have already been stated in our previous decisions. *South Lancaster Academy* v. *Lancaster*, 242 Mass. 553. *Molly Varnum Chapter, D. A. R.* v. *Lowell*, 204 Mass. 487. *Parkhurst* v. *Treasurer & Receiver General*, 228 Mass. 196. *Springfield Young Men's Christian Association* v. *Assessors of Springfield*, 284 Mass. 1, 5. *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston*, 294 Mass. 248. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378. A corporation whose primary object, activities and accomplishments are not charitable in the broad sense of that term as it has always been understood, at least since *Jackson* v. *Phillips*, 14 Allen, 539, cannot come within the description of an institution exempted by this third clause of said § 5 from the payment of taxes, and the fact that many charitable functions are performed by the institution is not enough to entitle it to the exemption if the dominant use of its property is not charitable. *New England Theosophical Corp.* v. *Assessors of Boston*, 172 Mass. 60. *Phi Beta Epsilon Corp.* v. *Boston*, 182 Mass. 457. *Boston Lodge Order of Elks* v. *Boston*, 217 Mass. 176. *Assessors of Boston* v. *Boston Pilots' Relief Society*, 311 Mass. 232. *Hairenik Association, Inc.* v. *Boston*, 313 Mass. 274.

The principal use made of the property of the appellant was a question of fact for the determination of the board. *Salem Lyceum* v. *Salem*, 154 Mass. 15. *Newton Centre Woman's Club, Inc.* v. *Newton*, 258 Mass. 326. Even if the maintenance of classes for children without charge was a

charitable and educational function, yet this was not found by the board to be the principal object for which the taxed premises were employed by the appellant. This was only one of the branches of work in which the appellant was engaged and, considering the entire enterprise, the board found that its activities were "mainly political in character." If this finding is not shown to be vitiated by error of law, it is decisive of the case. The occupancy of premises primarily and substantially for meetings and assemblies for fostering and inculcating the principles and theories of a particular political party, for the purpose of securing converts to that political philosophy to which the members subscribed and thus increasing the strength and influence of the party, is not the use of premises in furtherance of any object that can rightly be held to come within the established concept of a public charity. Am. Law Inst. Restatement: Trusts, § 374. Scott on Trusts, § 374.6. Doubtless, the enlightenment of the general public in the history, development, administration and science of government is a subject that merits the attention and study of every individual citizen. An intelligent appreciation of the faults or virtues of various forms of government, and their inability or capacity fully and efficiently to discharge and exercise their sovereign powers and prerogatives and at the same time adequately protect and defend the inalienable and inherent individual rights of their citizens, cannot but enhance the public good. Education which creates and stimulates an individual interest in government tends to promote a better administration of public affairs in behalf of the people. Education in the science of government primarily in the interests of the general public is one thing, but the education of a group principally for the direct and immediate benefit of a political party is quite another matter. An activity that only indirectly deals with social and economic considerations and does not transcend party lines can hardly be considered a public charity. *Jackson* v. *Phillips*, 14 Allen, 539. *Parkhurst* v. *Treasurer & Receiver General*, 228 Mass. 196. *Bowditch* v. *Attorney General*, 241 Mass. 168. *Bowman* v. *Secular Society, Ltd.* [1917] A. C. 406, 442.

*Keren Kayemeth Le Jisroel, Ltd.* v. *Commissioners of Inland Revenue,* [1932] A. C. 650. *Bonar Law Memorial Trust* v. *Inland Revenue Commissioners,* 49 T. L. R. 220. *Matter of Killen,* 124 Misc. (N. Y.) 720. *Slee* v. *Commissioner of Internal Revenue,* 42 Fed. (2d) 184. Compare *Faulkner* v. *Commissioner of Internal Revenue,* 112 Fed. (2d) 987. And we doubt whether such an activity would be held to be a public charity under decisions in other jurisdictions where the field of a public charity has been somewhat extended to matters involving changes in the administration of government. *Collier* v. *Lindley,* 203 Cal. 641. *Estate of Murphey,* 7 Cal. (2d) 712. *Garrison* v. *Little,* 75 Ill. App. 402. *George* v. *Braddock,* 18 Stew. (N. J.) 757. *Taylor* v. *Hoag,* 273 Penn. St. 194.

The findings of the board concerning the classes conducted by the appellant are not inconsistent with the finding that its activities were mainly of a political character. Forums and lectures might well have been considered by the appellant to be a more potent means of attracting members of the public and of securing recruits for advancing its political activity than the maintenance of classes for which the appellant had secured and paid but one instructor to teach the pupils, one half of whom were children of members. The finding that the work of the appellant was mainly of a political nature cannot be disturbed in the absence of any report of the testimony before the board or anything in the decision of the board to indicate that this finding was tainted with an error of law. *Revere* v. *Revere Construction Co.* 285 Mass. 243. *Commissioner of Corporations & Taxation* v. *Ford Motor Co.* 308 Mass. 558. *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674.

The board refused six requests for rulings of law. All of them, except the fourth, appear to be really requests for findings of fact. We must assume that the board found whatever facts were necessary to support the conclusion that it reached, and the appellant cannot justly complain because it did not find other or additional facts, none of which was material in view of the ultimate finding upon which the decision of the board was based. If those re-

quests presented any questions of law, then there was no error in denying them. Some embodied only selected portions of all the evidence that was introduced on one of the issues, and the remainder sought rulings to the effect that the appellant was, as matter of law, entitled to an exemption upon various grounds some of which were not found to exist, and where they were found to exist they did not require the conclusion sought by the request. *Trent* v. *Goldberg*, 265 Mass. 219. *Crowninshield Shipbuilding Co.* v. *Jackman*, 283 Mass. 21. *Cameron* v. *Buckley*, 299 Mass. 432. *Wilson* v. *Birkenbush*, 305 Mass. 173. *Williamson* v. *Feinstein*, 311 Mass. 322.

The fourth request was for a ruling that the appellant had sustained the burden of proving that its real estate was exempt from taxation. The appellant rightly recognizes the principle that the burden is upon a taxpayer to show clearly and unequivocally that its property is exempt from the tax, *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston*, 294 Mass. 248; *Assessors of Boston* v. *Boston Pilots' Relief Society*, 311 Mass. 232, but the refusal to grant this request comes within the general rule that a party having the burden of proof and relying upon oral evidence, in the absence of some evidence binding upon the other party, is not entitled to a ruling that as a matter of law he has sustained the burden. *Giles* v. *Giles*, 204 Mass. 383. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450. *Donahue* v. *Leventhal*, 302 Mass. 393. *Purdie* v. *Roche*, 304 Mass. 647.

It follows that the petition for abatement must be dismissed and it is

*So ordered.*