JOAN MARIE THIBEAULT, administratrix, *vs.* MASSACHU-
SETTS ELECTRIC COMPANY & another.

Middlesex.    November 21, 1973. — March 12, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Negligence*, Electricity, Duty to warn. *Evidence*, Of warning, Stated
ground of objection.

At the trial of an action against an electric company for the death of a member of a crew installing an incinerator in a market who was electrocuted when the stack of the incinerator came in contact with high voltage overhead wires of the defendant, testimony that before the accident the foreman of a crew of the defendant working nearby had warned members of the decedent's crew of the voltage of the wires was relevant upon the issue of the defendant's due care and admissible even if there was no specific proof that the warning was communicated to the decedent. [25-28]
Where the judge at the trial of an action was entitled in the circumstances to assume a certain ground for a party's objection to the admission of testimony, that party was not entitled to urge in this court other grounds for excluding the testimony. [28]

TORT. Writ in the Superior Court dated October 22, 1965.
The action was tried before *Vallely,* J.

*Robert L. Farrell* for Joan Marie Thibeault, administratrix.

*Richard K. Donahue* for Massachusetts Electric Company, Inc.

ROSE, J.    This is an action brought under G. L. c. 229 for negligence resulting in the death of the plaintiff's intestate.   The decedent was electrocuted on the afternoon of February 3, 1965, while working as part of a crew employed by a third person to install an incinerator in a supermarket.   The accident occurred when the incinerator stack, which the decedent was guiding into place, came into contact with high-voltage overhead electric wires installed by the defendant.   The action was tried to a jury, which returned a verdict for the defendant.   The case is before us on the plaintiff's substitute bill of exceptions, in which she alleges error in the admission of testimony concerning a warning given by one of the defendant's employees.

The evidence relevant to our consideration of the plaintiff's exceptions may be summarized as follows.   One Thomas J. Hayden testified that on the morning of the accident he was working near the incinerator as a member of one of the defendant's work crews.   As he arrived at the construction site, Hayden saw men performing welding work on "the platform" (which, in light of other evidence in the record, we understand to be a reference to the base of the incinerator).   Hayden heard his foreman, Joseph DeRoches, talking to three men who were working on the incinerator; one of the men was standing on the ground and the other two were standing on the platform, approximately four feet from DeRoches.   Over the plaintiff's objection, Hayden testified that he heard DeRoches tell one of the men that the line was "very much alive" and that it was "turteen thousand."[1]

---

[1] Hayden used the term "turteen" in an attempt to reproduce DeRoches' accent.   The witness said at one point that he had heard DeRoches use the words "a line of 7620" but later repudiated this testimony.

Robert Ogden, also a member of DeRoches' crew, testified over objection that he heard a voice which he recognized as DeRoches' say, "Be careful, thirteen thousand." Although Ogden could not see DeRoches, he estimated that the foreman was eight to ten feet away from him and on the opposite side of the defendant's truck when he spoke; at the time, two men who had been engaged in welding work on the incinerator platform were standing four to five feet away from the rear of the truck and were facing toward it.

Raymond J. Hartley, employed by the defendant as a "roving foreman" at the time of the accident, testified (also over the plaintiff's objection) that on the day after the accident DeRoches told him that "he [DeRoches] had informed the man that the wires over their [sic] head were alive at thirteen thousand . . .."[2]

The above summarized testimony was introduced to show that the defendant gave adequate warning of the danger posed by its high voltage lines. The plaintiff, however, argues that DeRoches' warning was inadmissible since there was no proof that it was communicated to the decedent. He cites *Murphy v. Stanley*, 136 Mass. 133 (1883), as authority for his position. The plaintiff in the *Murphy* case was injured when he stumbled over a pile of "sleepers" which the defendant had placed on the premises with the permission of the owner, a third party. The plaintiff attempted unsuccessfully to introduce evidence that the defendant had been notified of the danger posed by the sleepers through warnings given to certain of his employees. The Supreme Judicial Court ruled that "conversations with the defendant's clerk and workmen had no tendency to show that the defendant was negligent, and were properly excluded." *Murphy v. Stanley, supra,* at 135.

---

[2] DeRoches died before the trial of this action. Hartley's testimony was admitted on findings by the judge that DeRoches' statement was made in good faith and upon the decedent's personal knowledge. G. L. c. 233, § 65.

We are of the opinion that the rationale of the *Murphy* decision does not apply to a case such as the one at bar in which a warning by the person allegedly responsible for the dangerous condition was introduced to show that he exercised due care. In *Clough* v. *New England Telephone Co.* 342 Mass. 31, 35 (1942), it was said that "liability or nonliability is normally not based on any single act or omission of the [defendant] power company, although special attention has been given to a few specific acts or omissions, such as . . . the failure to give adequate warning in the face of a dangerous condition."

Because the requirements of adequate warning will necessarily vary according to the nature of individual cases, there is no justification for requiring, as a condition of admissibility, that a warning be shown to have been given in a particular form or communicated to the person who sustained the injury. It is sufficient to establish the relevancy of a warning that it be shown to have been given in such a manner as to have come to the attention of those potentially endangered by the condition in question. See Restatement 2d: Torts, § 301 (2), comment (2). The evidence which was introduced in the instant case to show that the warning was communicated to members of the decedent's work crew was sufficient, in our view, to meet this standard.

The evidence in this connection may be summarized as follows. Michael Amico, the foreman of the decedent's crew on the day of the accident, testified that a "crew from the Electric Company" was working within five or six feet of his own crew for two hours on the morning of February 3. His testimony that the electric company crew was engaged in putting wires on telephone poles coincides with statements by Hayden and Ogden that their crew was at the site to splice a broken guy wire on a telephone pole. Similarly, Hayden's testimony that the men he saw on the incinerator platform were welding is consistent with evidence that the decedent was a welder. In the absence of evidence that persons other than the

decedent's crew were working on the incinerator on the morning in question, the evidence introduced at trial supported the inference that DeRoches' warning was addressed to members of the decedent's crew. The challenged testimony was therefore relevant and admissible on the issue of the defendant's due care.

The plaintiff also argues that Ogden's testimony should have been excluded because DeRoches' words ("Be careful, thirteen thousand"), given in broken English, were too vague to amount to a warning. It should be noted that the plaintiff never explained the basis for his objection or even called attention to DeRoches' accent at trial. As the plaintiff had objected to Hayden's very similar testimony on the ground that Hayden was not a party to the conversation he reported and could not identify the participants, the trial judge was entitled to assume that the objection to Ogden's testimony rested on a similar ground. We believe that the plaintiff's contention falls within the established principle that a plaintiff, "[h]aving stated specifically the basis of [his] objection . . . in fairness, ought not to be permitted to urge other grounds in this court. *Holbrook* v. *Jackson,* 7 Cush. 136, 154 [1851]." *Kagan* v. *Levenson,* 334 Mass. 100, 107 (1956), cited in Leach and Liacos, Handbook of Massachusetts Evidence, 71. In any event the effect of the statement as a warning was a question for the jury.

We conclude that the evidence in question was properly admitted.

*Exceptions overruled.*