NEW ENGLAND ACCEPTANCE CORPORATION *vs.* AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY & others.

Suffolk.　　November 5, 1976. — November 4, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & LIACOS, JJ.

*Practice, Civil,* Judgment notwithstanding verdict.　*Insurance,* Agent.
　　*Agency,* Insurance agent, Agent's fraud.　*Fraud.*

For the reasons stated in *New England Acceptance Corp.* v. *American Mfrs. Mut. Ins. Co.,* 4 Mass. App. Ct. 172 (1976), a judgment notwithstanding the verdict was to be entered for the plaintiff. [597]

CONTRACT OR TORT.    Writ in the Municipal Court of the City of Boston dated September 19, 1969.

Upon removal to the Superior Court, the action was tried before *Ponte, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John J. C. Herlihy* for the defendants.

*Benjamin Goldman (Jacob Shair* with him) for the plaintiff.

LIACOS, J.    The plaintiff, an insurance premium finance company, brought this action against two insurance agents (the brothers Ducott) and two insurance companies to recover $35,718.76 paid by the plaintiff to the Ducotts. A jury returned verdicts against the Ducotts on four counts of the declaration, the first count alleging that the Ducotts fraudulently obtained the plaintiff's money by selling it forged promissory notes secured by nonexistent insurance policies written by the Ducotts on behalf of the defendant insurance companies.

In regard to the defendant insurance companies, the trial judge required the jury to return a special verdict (Mass. R. Civ. P. 49 [a], 365 Mass. 812 [1974]) answering the following three questions: (1) whether the Ducotts acted within the scope of their authority when they sold the notes in issue to the plaintiff and made representations concerning the validity of those notes and the insurance policies described therein, (2) whether the plaintiff was estopped to assert its claim against the companies, and (3) whether the plaintiff was contributorily negligent. The jury responded unfavorably to the plaintiff on all three questions. On the plaintiff's motion that verdicts be directed to the contrary on the three questions, the judge granted this motion as to the last two questions, but he entered judgment for the defendant insurance companies on the basis of the jury's negative response to the first question.

Pursuant to the new Massachusetts Rule of Civil Procedure 50 (b), 365 Mass. 814 (1974) (see Mass. R. Civ. P.

1A, 365 Mass. 731 [1974]), the plaintiff also moved for a new trial and for judgments against the companies notwithstanding the verdict. The judge denied these motions, and the plaintiff subsequently appealed to the Appeals Court. The defendant companies cross-appealed from the judge's order that negative answers be substituted for the special verdicts returned by the jury on the estoppel and contributory negligence questions. The Appeals Court ordered the special verdict in response to jury question 1 to be set aside, ordered the entry of judgment against the defendant companies, and dismissed the plaintiff's appeal from the order denying its motion for a new trial. *New England Acceptance Corp.* v. *American Mfrs. Mut. Ins. Co.*, 4 Mass. App. Ct. 172 (1976). We granted the defendant companies' application for further appellate review.

Massachusetts Rule of Civil Procedure 50 (b) is patterned after the Federal Rule of Civil Procedure 50 (b) on judgments notwithstanding the verdict. J.W. Smith & H.B. Zobel, Rules Practice § 50.19 (1977). While we have the power under this rule to order the entry of judgment n.o.v. and need not remand for a new trial, *Neely* v. *Martin K. Eby Constr. Co.*, 386 U.S. 317, 329, rehearing denied, 386 U.S. 1027 (1967); *Ferro Concrete Constr. Co.* v. *United States*, 112 F.2d 488, 492 (1st Cir.), cert. denied, 311 U.S. 697 (1940), we do so cautiously. Our great respect for the jury's contribution of common sense and a sense of fairness to the judicial process requires us to view circumspectly any encroachment of the jury's function. Furthermore, particular care must be exercised where, as in the case at bar, a judgment notwithstanding the verdict is to be granted in favor of the party having the burden of proof. See *Posttape Assoc.* v. *Eastman Kodak Co.*, 68 F.R.D. 323, 331 (E.D. Pa. 1975), rev'd on other grounds, 537 F.2d 751 (3d Cir. 1976). Cf. *Pahigian* v. *Manufacturer's Life Ins. Co.*, 349 Mass. 79, 86 (1965).

An auditor initially heard this case prior to July 1, 1974 (see Mass. R. Civ. P. 1A, par. 5), and found for the plaintiff against the companies and the Ducotts. At the trial, the auditor's report, the testimony of two witnesses, and

Cummington School of the Arts, Inc. *v.* Bd. of Assessors of Cummington.

numerous exhibits were admitted in evidence. No evidence controverted the auditor's subsidiary findings which established the apparent agency of the Ducotts, nor was there evidence contradicting the other essential aspects of the plaintiff's case. Thus, the auditor's report, being uncontradicted prima facie evidence, was conclusive as to the findings of fact contained therein. See G. L. c. 221, § 56, as in effect prior to July 1, 1974; *Ball* v. *Williamson,* 336 Mass. 547, 551 (1957); *Cook* v. *Farm Serv. Stores, Inc.,* 301 Mass. 564, 566 (1938).

On the basis of these findings, together with the verdicts against the Ducotts, the Appeals Court ruled that the defendant companies are liable as principals for the conduct of the Ducotts, as matter of law, even though they had no knowledge of the Ducotts' fraudulent scheme. We agree with this holding. The rationale underlying our decision is amply set out in Justice Armstrong's well reasoned opinion and need not be repeated here. The Appeals Court also ruled correctly that the cross-appeal of the defendant companies was without merit. Accordingly, we adopt the order of the Appeals Court and incorporate it as our own.

*So ordered.*