UNI-SERVICE CREDIT CORPORATION *vs.* MOTOR CLUB OF AMERICA ENTERPRISES, INC. May 28, 1980. The judge was correct in entering partial summary judgment for the plaintiff (on the issue of liability) on the basis of the following uncontroverted facts shown in the pleadings and affidavits. During 1974, the plaintiff financed premiums on a number of automobile insurance policies issued by the defendant through the R. L. Winthrop Insurance Agency (Winthrop). Winthrop had agreed with each insured to pay premiums due in consideration for what purported to be negotiable instruments executed by the individual insureds, whereby each insured promised to pay Winthrop an amount equal to the premiums plus interest, in installments. Under the terms of the financing agreement each insured appointed the holder of the instrument as "the maker's true and lawful attorney . . . to demand, collect, sue for, receive and receipt for any return premiums." Winthrop then assigned these instruments and the rights evidenced thereby to the plaintiff. In return, premium payments for that period were made in full by the plaintiff to the defendant through Winthrop. After default on premium payments by the insureds, the plaintiff notified the defendant, and the insurance policies were cancelled. Upon cancellation, return premiums were due from the defendant for the balance of the insurable period, and the plaintiff made demand for the total amount of return premiums due. The return premiums, however, were credited to Winthrop's account by the defendant.

As the judge ruled, the right to receive return premiums was initially vested in the individual insureds. General Laws c. 175, § 176A, inserted by St. 1966, c. 423, § 1, provides in part that an insurance agent "who has received a return premium . . . shall . . . pay over the full amount of said return premium to the person [insured] whose insurance policy has been cancelled or to his assignee . . . ." See *Strong* v. *Merchants Mut. Ins. Co.,* 2 Mass. App. Ct. 142, 147-148 (1974), modified in another respect, 366 Mass. 751 (1975). This right was assigned by each insured to Winthrop, and Winthrop in turn assigned this right to the plaintiff. In both instances the assignments were explicitly stated in writing. The judge was correct in ruling that once the latter assignments were made, the right to receive any return premium on the policies was vested in the plaintiff. The defendant, having notice of the assignment, was not discharged of its obligation to return the premiums to the plaintiff, even though the de-

fendant had credited the return premiums to Winthrop's account. See 6 Couch, Insurance § 34.88, at 824, & § 34.98 (2d ed. 1961). Cf. *New England Acceptance Corp.* v. *American Manufacturers Mut. Ins. Co.*, 4 Mass. App. Ct. 172, 178-180 (1976), *S.C.*, 373 Mass. 594 (1977). The plaintiff, in its capacity as assignee of the insureds' right to receive the return premiums, was entitled to prevail as a matter of law on the issue of liability.

2. After trial on the issue of damages to determine the amount of return premiums to which the plaintiff was entitled, the court entered judgment for the plaintiff in the amount of $3,975.62 plus interest. The evidence introduced by the plaintiff, through the testimony and affidavit of a vice president of the defendant's underwriting division, was uncontroverted and was sufficient to support the judge's assessment of damages against the defendant. Entry of judgment for the plaintiff in the above-stated amount was proper and is hereby affirmed.

*So ordered.*

*Michael R. Coppock* for the defendant.
*Melvyn D. Cohen* for the plaintiff.