LEWIS H. SPENCE, receiver, *vs.* ROSE GILLIS. May 25, 1983. *Practice, Civil*, Judgment notwithstanding verdict.

This action of summary process against a tenant in one of the projects of the Boston Housing Authority arose out of an incident in which the tenant's son allegedly committed a racially motivated assault and battery on a guest of another tenant. See *Spence* v. *Reeder*, 382 Mass. 398, 421 (1981); *Spence* v. *Gormley*, 387 Mass. 258 (1982). The jury, after listening to two days of testimony, determined by their answer to a special question that there had been no assault and battery. Judgment was entered for the tenant. The plaintiff filed a motion in the alternative for judgment notwithstanding the verdict or for a new trial. The judge allowed the first aspect of that motion, entered a judgment for the plaintiff for possession, and took no action on the request for a new trial. The tenant appealed. As counsel for the plaintiff conceded at the argument, we shall have to conclude that the allowance of the motion for judgment n.o.v. was error unless we are prepared either to overrule such cases as *Giles* v. *Giles*, 204 Mass. 383, 384-385 (1910), and *Lincoln Elec. Co.* v. *Sovrensky*, 305 Mass. 476, 479 (1940), or to carve another exception out of the general rule forbidding the direction of a verdict in favor of the party having the burden of proof.

See, e.g., *International Textbook Co.* v. *Martin,* 221 Mass. 1, 8 (1915); *Workmen's Circle Educ. Center* v. *Assessors of Springfield,* 314 Mass. 616, 621 (1943); *New England Acceptance Corp.* v. *American Manufacturers Mut. Ins. Co.,* 373 Mass. 594, 596-597 (1977); Liacos, Massachusetts Evidence 46-47, 54 (5th ed. 1981). For reasons which have been rehearsed on prior occasions (see e.g., *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 239 [1973]; *Erhard* v. *F.W. Woolworth Co.,* 5 Mass. App. Ct. 770 [1977], *S.C.,* 374 Mass. 352 [1978]), we are not prepared to take either of the steps advocated by the plaintiff. The order allowing the motion for judgment n.o.v. is reversed and the original judgment is reinstated, but without prejudice to the right of the plaintiff to renew his request for a new trial within thirty days of the date of our rescript.

*So ordered.*

*James W. Stone* for the defendant.
*Richard H. Friedman* for the plaintiff.