Per Curiam.
This is an appeal from a decision for the defendant on the plaintiff's action to recover money alleged to be due under a promissory note. The gist of the defense was want of consideration. Specifically, in his answer the defendant admitted that he had executed the note in question and that he had refused to pay after demand, but he denied that he had received the principal amount recited in the note or any other consideration.
According to the trial judge's Report, at the trial there was evidence tending to show:
“1. That on July 29,1985 the Defendant, George Pergantis, executed a promissory note in the principal amount of $6,500 in favor of the Plaintiff, Liberty Bank, a copy of which was admitted in evidence [Plaintiff's Exhibit 1].
“2. That as of January29,1987, the time of trial, no payment had been made to Liberty Bank on account of said note.
“3.Thatas of the time of trial there was due and owing Liberty Bankunder said note the principal amount of$6,500plus accrued interest of$l, 141.43.
“4. That in connection with said note Liberty Bank made a loan commitment in the form of a letter to Mr. Pergantis requested by Mr. Pergantis and signed by the Bank and by Mr. Pergantis, which letter referred to the $9,000 commitmentfee as non-refundable [Plaintiff's Exhibit2],
“5. That several written demands for payment were made upon the Defendant by Liberty Bank [Plaintiff's Exhibit 7],
“6. That when he executed the note in issue on July29,1985 Mr. Pergantis could not afford to pay the $9,000 commitmentfee in cash; that he recalled discussing with the Bank at that time the payment of $2,500 of that fee in cash; and that $6,500 was the difference between $9,000 and $2,500.
“7. That the note in issue itself referred to a commitmentfee of $9,000with a deduction of $2,500 ‘cash’, leaving a balance of $6,500.
“8. That Mr. Pergantis was a trustee of Pergantis RealtyTrust and applied to Liberty Bank for a $300,000 loan to that Trust.
“9. That Mr. Pergantis was actingfor Pergantis RealtyTrust in signing the commitment letter [Plaintiff's Exhibit 2] and in executing a promissory note concerning the commitment fee [Defendant's Exhibit 3].
“10. That Mr. Pergantis signed the July 29,1985 note in issue as a result of the commitment letter of July 24,1985 [Plaintiff's Exhibit 2].
“11. That at the time he executed the July 29, 1985 note in issue Mr. Pergantis could read English “not very well’ and signed the note which Mr. Fitzgerald and Dr. Lien of Liberty Bank told him to sign.
“12. That Liberty Bank never paid Mr. Pergantis $6,500.
“13. That Liberty Bank's records reflected no payment of a commitment *57 fee other than the July 29,1985 note in issue.
“14. That subsequent to the execution of the July 29,1985 note in issue there were discussions between the parties and letters from Liberty Bank to Mr. Pergantis referring to possible negotiations for a loan to Mr. Pergantis (Defendant's Exhibits 4,5 and 6],
“15. That Liberty Bank's records did not indicate performance of certain elements contained in the commitment letter [Plaintiffs Exhibit 2], ' including execution of any document securing the $300,000 loan and the personal guaranty of that loan by Mr. Pergantis and his sons.”
On this evidence, the trial judge made the following findings of fact:
“The plaintiff is a banking corporation duly organized under the laws of the Commonwealth of Massachusetts and having its usual place of business in Boston, Suffolk County. The defendant is an individual and a citizen of the Commonwealth of Massachusetts.
“On or about July 29,1985, a promissory note in the amount of $6,500 was presented to the defendantfor the execution of which the defendant would derive no benefit. I find, on all the evidence and all the reasonable inferences to be drawn from the evidence, that the defendant who spoke broken English with a heavy accent and who testified that he could not read or write English very well lacked the capacity to understand the essential terms of the note so that its nature and the extent of the obligations could be ascertained.
“Finding for the defendant.”
On this Appeal, the plaintiff claims error by the trial judge in (1) admitting a certain exhibitin evidence over its objection, (2) denyingitsrequestfor aruling that a finding for the defendant was not warranted on the evidence, and (3) finding the facts as he did, particularly with respectto the issues of want of consideration for the note and the defendant's capacity to contract. We address the issues in order.
The evidentiary ruling theplaintiff complains ofwas the admission of aletterfrom the defendant to the plaintiff. The objection made to the trial judge was that the subject matter of the letter was “beyond the scope of the pleadings.” The “scope of the pleadings” in this case was not particularly circumscribed: the complaint was a general claim for payment under a note alleged to be due, and the answer was essentially a general denial coupled with the affirmative defense of lack of consideration. The letter in question appears to represent negotiation between the parties aboutapossible loan. Itmight be said to support thedefendant'spositionbytending to show that the parties had not entered into any firm arrangements as of the date of the letter, some months subsequentto the date of the note sued upon, supporting the defense of no consideration for what the plaintiff claimed to be a promissory note. Its marginal value is not now germane. It was arguably relevant enough to the controversy to be allowed into evidence, and we will not say that the trial judge abused the broad discretion he had in ruling on evidence.
Other grounds of objection to admission of theletterwere later asserted, butthey are beside the point. A party may not raise new grounds for exclusion of evidence on appeal when a specific objection had been made, and overruled, at trial. Kagan v. Levenson, 334 Mass. 100, 107 (1956); Thibeault v. Massachusetts Electric Company, 2 Mass. App. Ct. 24, 28 (1974).
The second claim of error presented by the Report is that the trial judge had incorrectly denied the plaintiffs request for ruling number 11 (“The evidence does not warrant a finding for the defendant”). The ruling was proper. In effect, the request sought the entry of a required finding for the plaintiff. The plaintiff, however, had the burden of proof, and it is a long-settled principle in Massachusetts that it is generally improper to direct a verdict in favor of the party bearing the burden of proof. Giles v. Giles, 204 Mass. 383, 385 (1910); Workmen's Circle Educational Center of Springfield, Inc. v. Assessors of Springfield, 314 Mass. 616, 621 (1943); Spence v. Gillis, 16 Mass. App. Ct. 905 (1983).
*58 Finally, the plaintiff claimed to be aggrieved by “the Court's Findings of Fact and by the Court's Finding for the'Defendant.” The trial judge expressed two findings in support of the judgment in favor of the defendant. First, he found that the promissory note at issue was one “for the execution of which the defendant would derive no benefit.” This apparently sustained the defense that there had been a failure of consideration. Second, he concluded that the defendant “lacked the capacity to understand the essential terms of the note so that its nature and the extent of the obligations could be ascertained.”
With respect to the latter issue, the plaintiff is correct that, upon the evidence reported, the conclusion that the defendant's inability to understand the terms of the promissory note because of his asserted lack of proficiency in English was legally irrelevant.[1] The bank was entitled to rely on the defendant's objective manifestation of assent — his signature on the note — in the absence of evidence persuasive to the trier or fact that the bank had acted with fraud or in some other overreaching manner to take deliberate unfair advantage of the defendant's language difficulty. See, e.g., Cohen v. Santoianni, 330 Mass. 187, 193 (1953). The Report recites no evidence that would support such a finding of fraud or other vitiating unfairness, and no argument is made that there was such evidence.
The finding that the defendant would receive no benefit from the note at issue is somewhat more problematic. The comitment letter signed by the defendant on July 24,1985 called for a non-refundable commitment fee of $9,000. [Trial Exhibit 2.] In forwarding the executed commitment letter to the bank on that same day, the defendant's lawyer communicated his client's intention to go to the bank to execute a promissory note for $9,000for the commitment fee, with the indication that $9,000 from the proceeds of the loan would later be used to pay off the note. [Trial Exhibit 3.] Afew days later, the defendant signed the $6,500 note at issue [Trial Exhibit 1], which, according to the Report, bears the handwritten notation:
“9000.00 Comm Fee
"2500.00 Cash
“6500.00 Balance”
The bank argues plausibly that this notation indicates that the parties went forward as contemplated, except that instead of executing a note for the entire commitment fee, the defendant paid some portion of it in cash and gave the note for the balance. Correspondence from the bank to the defendant a couple of months later, however, refers to a note in the amount of $9,000 and makes demand for payment of the commitmentfee of $9,000, both of which would be inconsistent with the transaction reflected by the calculation reproduced above. On the evidence reported, we cannot say that the trial judge was clearly erroneous in rejecting the bank's version of the transaction and concluding, we infer, that the note for $6,500 was not related to the transaction contemplated by the commitment letter and therefor that the bank had not demonstrated what consideration had existed for the defendant's execution of the note. We may not, of course, substitute our own fact-finding judgment for that of the trial judge. T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976).
The rub is that the note at issue recites that it “shall have the effect of a sealed instrument.” Itremains the law in the Commonwealth that an instrumentunder seal is binding on the parties to it without consideration. Johnson v. Norton Housing Authority, 375 Mass. 192, 195 (1978). Indeed, the judge had ruled, at the bank's request, that “want of consideration is no defense to a sealed instrument.” [Plaintiff's Request for Ruling 4.] That ruling was correct. The judge's finding as to no “benefit” to the defendant, in effect a finding that there was no consideration for the *59 defendant's promise to pay, runs into conflict with this legal principle. The note is enforceable without consideration.
The judgmentfor the defendant cannot stand. As noted above, the defendant had admitted execution of the note and non-payment.
In the absence of a successful affirmative defense, these admitted facts entitle the plaintiff to a judgment. He is bound by the admissions. G.L. c. 231, sec. 87; Alpert v. Radner, 293 Mass. 109 (1936).
The case is remanded to the trial courtfor entry of judgmentfor the plaintiff in the amount to be calculated by the clerk.

 We do not decide, in the circumstances, whether the trial judge's conclusions with respect to the defendant's inability to understand the transaction were warranted by the evidence. We do note, however, that the documentary exhibits demonstrated that the defendant was at the time of the events represented and, presumably, advised by the same lawyer who at trial assserted that the defendant was ignorant of the essentials of the transaction.