Sherman, P J.
The plaintiffs allege in this action in tort that the defendant’s negligent maintenance of its store premises was the proximate cause of personal injuries sustained by plaintiff Rosamund J. Goldberg and the resulting loss of consortium suffered by her husband, plaintiff Sumner D. Goldberg.
After trial, judgment was entered for the defendant. The plaintiffs’ appeal to this Division charges error in the trial court’s disposition of plaintiffs’ requests for rulings, denial of plaintiffs’ post-judgment motion and treatment of certain evidence offered by the plaintiffs pursuant to G.L.c. 233, § 79G.
The reported evidence indicates that on September 2, 1987, plaintiff Rosamund D. Goldberg entered the defendant’s store to purchase plastic dishes. Being familiar with filestore, theplaintiffproceeded to thecorrectaislewhereshefoundtheplasticdishes stacked in boxes, three high, on a top shelf located just below her eye level. An undisclosed number of cardboard boxes containing window shades were located along one side of the store aisle approximately 20 inches from where the plaintiff stood. The plaintiff had seen the boxes as she walked down the aisle.
The plaintiff testified that she leaned in toward the shelf, reached up and slid two boxes of dishes off the pile; and that as she did so, two or three boxes of window shades fell over onto her right foot, startling her and causing her to twist her neck and upper torso. There was no evidence of who had placed the boxes there, how long they had *231 been there, or what caused them to fall.
In response to a store employee’s inquiry, the plaintiff stated that she did not yet know if she was hurt. She then proceeded to the front of the store to pay for the dishes. The plaintiff showed the cashier her swollen, black and blue ankle and asked to file a complaint. The cashier indicated that she would file an accident report; however, the plaintiff never returned to the store to verify that such report had actually been completed.
Although the plaintiff experienced neck and foot pain, she did not require immediate treatment, nor did she even seek medical attention for nine months. The plaintiff did see a Dr. Courville in May and September, 1988 and again in July, 1989. She received no subsequent medical treatment.
The trial court made written findings of fact and rulings of law “based on all the credible evidence and the reasonable inferences . . . drawn therefrom,” which included the following:
The plaintiff has failed to establish that the defendant had placed the cartons in the aisle, that the defendant had acted negligently in its placement of the cartons along one side of the aisle, that such aplacement of the cartons created a dangerous or defective condition, and that the defendant actually knew that the cartons created a dangerous condition, or that such condition existed over a period of time during which the defendant should have discovered the condition and fixed it or warned of its existence. The evidence establishes nothing more than the mere fact that an accident occurred.
[E] ven if the defendant were negligent in the placement of the cartons or the failure to remove or warn of their existence, the plaintiff has failed to establish that the defendant’s negligence was the proximate cause of the injuries she sustained. Indeed, the medical evidence, such as it is, is insufficientto establish that any pain ordisability that the plaintiff permanently suffers is causally related to a fall of boxes at the defendant’s premises.
1. The report states that the plaintiffs are aggrieved by the court’s “refusal” of a number of their requests for rulings. It is unnecessary, however, to review each of the twelve requests denied by the court as the plaintiffs have failed to address such requests in their brief to this Division. Dist./Mun. Cts. R. Civ. P., Rule 64 (f). See also, Boston Housing Auth. v. Guirola, 410 Mass. 820, 827 n.9 (1991). It is sufficient to note that plaintiffs’ requests numbers 4,5,6,7,9,10 and 11 dealing with issues of causation and negligence were properly denied as requests for findings of fact not required by the reported evidence. Perry v. Hanover, 314 Mass. 167, 170 (1943). Indeed, such requests were predicated on assumed facts neither found by the trial judge, nor supported by any evidence introduced at trial.[2] Wood v. Spedoni, 328 Mass. 483, 485 (1952). Similarly, there was no error in the denial of plaintiffs’ request number 13 which improperly sought a mixed finding of fact and ruling of law. Liberatore v. Framingham, 315 Mass. 538, 543 (1944).
Requests numbers 17,18,19 and 20 were properly denied as requests for rulings that the plaintiffs were entitled to recover damages against the defendant as a matter of law. Rarely can it be ruled that a party with the burden of proof has sustained such burden so as to require a finding in its favor. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943); Spence v. Gillis, 16 Mass. App. Ct. 905, 905-906 (1983). It is clear from the trial court’s proper findings and rulings in the instant case that the credible evidence was *232 insufficient to warrant, much less require, a finding for the plaintiffs.
The court’s findings and rulings are consistent with the fundamental tort law that the defendant was not an insurer of the plaintiffs safety and was obligated only to maintain its business premises in a reasonably safe condition. Paquette v. Bradley, 348 Mass. 326, 327 (1965); Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 225 (1973). It was incumbent upon the plaintiffs, to recover for a breach of such duly, to establish that Rosamund Goldberg’s injuries were proximately caused by a defect or dangerous condition in the defendanf s store which was attributable to a negligent act or omission of the defendanf's. Fahey v. Hamelburg, 347 Mass. 430, 435 (1964). Cardboard boxes are not inherently dangerous, and the report is devoid of any evidence as to the number, size, weight, stacking or placement of the window shade boxes which would permit an inference that the location of the boxes along one side of the store aisle constituted a condition dangerous to the defendant’s store patrons. Even assuming arguendo that the boxes were in some manner dangerous, the plaintiffs failed to introduce any evidence that the defendant or its employees created the dangerous condition, were actually aware of it or had sufficient time to discover and remedy it before the plaintiffs mishap. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 264-265 (1961).
2. The plaintiffs’ sole argument on this appeal is that they were not required to identify a specific act or omission of the defendant or to demonstrate the precise manner in which the accident occurred because the evidence showed a greater likelihood that the defendant’s negligence was the cause of the plaintiff s injuries. See generally, Brady v. Great Atl. & Pac. Tea Co., 336 Mass. 386 (1957). The plaintiffs’ reliance on the doctrine formerly denominated as res ipsa loquitur to establish causation and negligence is, however, misplaced. The plaintiffs failed to raise such issue in the trial court and preserve it for appellate review by filing a Dist./Mun. Cts. R. Civ. P., Rule 64(b) request for ruling of law. Wesley v. Marsman, 393 Mass. 1003 (1986). Further, the inclusion of the issue for the first time in their motion for a new trial did not entitle the plaintiffs to any consideration of such issue. O’Donnell v. Bane, 385 Mass. 114, 121 (1982).
Even if such issue were open on this appeal, it is clear that res ipsa loquitur is inapplicable on the limited facts of this case. The two-prong test for invoking the doctrine is not satisfied by anything in the reported evidence which would suggest that the plaintiffs accidentwas the kind of unusual occurrence which ordinarily would not happen in the absence of the defendanf s negligence, and that the window shade boxes were not improperly handled or rearranged by an intermediate handler, including another store patron. See generally, Coyne v. John S. Tilley Co., 2 Mass. App. Ct. 641, 644 (1974). The cases cited by the plaintiffs for the contrary proposition are easily distinguished.[3]
3. Given the trial court’s proper findings and rulings on the insufficiency of the credible evidence to support a finding of the defendant’s negligence, any issue of the plaintiffs’ contributory negligence was immaterial. The court's denial of plaintiffs’ request number 14, which sought a correct legal ruling as to the defendant’s burden of proof on the defense of contributory negligence, was thus harmless error. Tosti v. Ayik, 394 Mass. 482, 491 n.8 (1985); Century Indem. Co. v. Bloom, 329 Mass. 508, 513 *233 (1952).
4. Equally irrelevant was the court’s treatment of the medical report of Dr. Courville submitted by the plaintiffs pursuant to G.L.c. 233, § 79G as proof of both the allegedly permanent character and the proximate cause of the injuries sustained by the plaintiff. Having forfeited any right to recovery by failing to satisfy their burden of proof on the essential element of the defendant's breach of its duty of due care, the plaintiff could not effectively claim prejudice or reversible error in the court’s assessment of evidence material only to the additional elements of causation and damages.
Moreover, there was no error in the trial court’s treatment of the doctor’s report herein. Such report was in no way binding on the trial judge or conclusive of ultimate issues in this action, and the plaintiff s contrary contention as setforth in their Rule 59 motion is based on little more than a misinterpretation of G.L.c. 233, § 79G. This statutory exception to the hearsay rule permits the admission of hospital records and medical treatment reports merely “as evidence” of a physician’s diagnosis and prognosis of injuries and opinion as to the cause of the same. See generally, Ortiz v. Stein, 31 Mass. App. Ct. 643 (1991). Such evidence is not automatically dispositive of ultimate issues of fact and law in a tort action, and its credibility and weight remain matters to be determined by the trial court. As trier of fact, the judge was not required to believe even uncontroverted evidence, Glazier v. Andrews, 349 Mass. 417, 419 (1965); Moroni v. Brawders, 317 Mass. 48, 56 (1964), orunchallenged expert opinion. Leibovich v. Atonellis, 410 Mass. 568, 573 (1991); Petition of Dept. of Pub. Welf., 376 Mass. 252, 269 (1978). In the instant case, it was the court’s prerogative to assess Dr. Courville’s opinion that
thepersistenceofthe [plaintifPs] symptoms suggestsapermanentdisability causally related to the impact injury described on September 2, 1987 [emphasis supplied]
in the light of evidence that Dr. Courville did not see the plaintiff until nine months after the accident, did not formulate his opinion as to the cause of her injuries until reviewing the plaintiffs chart in 1990 and did not express such opinion in terms of the probability, rather than the mere suggestion, of permanent disability and the proximate cause of the same. There was thus no abuse of discretion, Coyle v. Cliff Compton, Inc., 31 Mass. App. Ct. 744, 749 (1992), in the court’s denial of plaintiffs Rule 59 motion to alter or amend judgment or for a new trial.
There being no error, the report is dismissed.

 Each of these requests assumes, with no foundation in the reported evidence, that the window shade boxes were stacked at an angle leaning against, and using for support, the shelving upon which the plastic dishes were located.

 In Purdy v. R. A. McWhirr Co., 350 Mass 769 (1966), there was a sufficient description of the packing boxes and store display which collapsed upon the plaintiff to warrant the application of res ipsa loquitur. The boxes contained metal tables, were each 3 feet high and weighed 21 pounds, were placed standing straight up against the display and extended 5 to 6 inches into the aisle. Wholly inapposite is DiRoberto v. Lagasse, 336 Mass. 309 (1957) which involved the iron framework of a carnival tent, the collapse of which was not attributable to adverse weather or any other extraordinary conditions.